# South and North Alabama Railroad Company *v.* Falkner.

### *Garnishment on Judgment ; Supersedeas of Execution.*

1. *When garnishee is not entitled to be discharged on answer.* — If the answer of a garnishee shows that the defendant has performed services for him, under a contract which is still subsisting, but does not show the time when, by the terms of the contract, the compensation for his services is to be paid, he cannot claim to be discharged on his answer.

2. *Affidavit of exemption.* — An affidavit, or claim of exemption, made in June, 1871, against a judgment rendered in January, 1869, must show that the claimant is the head of a family, and that the debt on which the judgment is founded was contracted after the adoption of the present Constitution.

3. *Garnishment of railroad company, as debtor of its president.* — When a garnishment is sued out against a railroad company, as the debtor of its president, and its answer states that he has performed services for it as president, but that his salary has not been fixed by the board of directors, judgment may be rendered against the company, on its answer, for the amount admitted therein to have been paid to his immediate predecessors for the performance of the same services ; although the answer further states, that the president has in his hands a large amount of money

[South and North Alabama Railroad Company *v.* Falkner.]

and other property belonging to the company, for which he has never accounted, but as to which he is not in default.

4. *Exemption of wages or salary.* — The salary of the president of a railroad company is not exempt from attachment or garnishment under the Act of 1868 (Session Acts 1868, p. 249), which exempts "the *wages* of laborers and employees;" but one half of it may be claimed as exempt under former laws (Rev. Code § 2883), if he is the head of a family, and has not more than five hundred dollars, worth of exempt property.

5. *Stay of execution on judgment against garnishee.* — If, after the rendition of judgment against a garnishee, the defendant in the original suit or judgment claims the debt as exempt from final process, and judgment creditors of the plaintiff also sue out garnishments to reach it, there ought to be a stay of execution until these matters are determined.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN ELLIOTT.

The appellee in this case, having obtained a judgment against F. M. Gilmer in January, 1869, sued out a garnishment on the 14th January, 1870, against the appellant, as the debtor of said Gilmer. At the June Term, 1870, the garnishee appeared, by its secretary and treasurer, and filed an answer in writing, "which the plaintiff declined to contest, but moved to continue the cause for further answer; but the garnishee, by attorney, objected to any continuance of the cause and asked to be discharged: which two motions were heard together, by consent." The court (Hon. J. Q. SMITH presiding) refused to discharge the garnishee, and continued the cause until the next term, to which the garnishee excepted.

See the case reported in 44 Ala. 654.

At the June Term, 1871, the garnishee again asked to be discharged on the answer made at the former term; but the court overruled this motion, and required the garnishee to file an additional answer, which was accordingly done. To these rulings of the court exceptions were reserved by the garnishee. The contents of both the answers filed by the garnishee are stated in the opinion of the court. On the filing of the second answer, the court below rendered judgment against the garnishee, for $6,693.80. An execution having been issued on this judgment, the garnishee filed a petition for a *supersedeas*, in October, 1871, alleging that, since the rendition of the judgment aforesaid, Gilmer had filed an affidavit and claim of exemption as to the money due to him from the railroad company, and that several judgment creditors of said Falkner had also served writs of garnishment on said railroad company, seeking to reach and condemn in its hands whatever sum might be found due on said judgment in his favor. At the December Term, 1871 (Hon. L. R. SMITH presiding), on motion of said Falkner, the court dismissed the *supersedeas;* to which action and judgment the garnishee excepted. The judgment rendered on the answer, and all the rulings of the court to which, as above stated, exceptions were reserved by the garnishee, are now assigned as error.

ELMORE & GUNTER, for appellant.

WATTS & TROY, *contra*.

B. F. SAFFOLD, J. — The appellee, having a judgment against F. M. Gilmer, sued out a garnishment against the appellant as his debtor. The company answered that Gilmer was its president; that his salary had not been fixed by the board of directors, but that. of his two immediate predecessors was $6,000 a year; that he had not been paid anything; that he had a large amount of money and other property belonging to the company in his hands; but he was not a defaulter, and there was no complaint of his mismanagement. The court overruled a motion to discharge the garnishee on this answer, and continued the cause to the next term, requiring a further answer. This action was excepted to. The second answer, at the next term, was similar to the first: Gilmer was still president; he had received no compensation for his services, and none had been fixed; he had in his hands many thousand dollars belonging to the company, for which he had not accounted, though he was in no default; in addition, that he claimed whatever was. due him as exempt from execution, garnishment, or attachment, by affidavit presented.

Judgment was rendered against the garnishee, for Gilmer's salary, at the rate of.$6,000 a year. An execution on this judgment being in the hands of the sheriff, the garnishee obtained a *supersedeas* of it, on an application alleging that writs of garnishment, issuing from the Circuit and City Courts of Montgomery County, had been served on the company, to subject the judgment to the debts of Falkner, and that Gilmer claimed the same under the exemption laws. At the ensuing term of the court, the *supersedeas* was dismissed on motion of the plaintiff Falkner. To this the garnishee excepted. The judgment on the answer, and that on the *supersedeas*, are both appealed from, making two cases under one appeal bond.

1. Was the garnishee entitled to a discharge on its first answer? It was certainly indebted to Gilmer in some amount. He had performed services. which were not intended to be gratuitous. It was a part of his duty to have money and other effects of the company in his hands, by the misapplication of which he could inflict injury on it far exceeding the value of his services. But it was not pretended that he had done so. No lien in favor of the company on his salary was shown. A claim of damages against him would only have been available as an offset. The salary is not shown to have been payable oftener than once a year, and the year had not expired at the date of the answer. There was no error in refusing the discharge.

The continuance is not revisable. *Ex parte S. & N. R. R. Co.* 44 Ala. 654.

2, 3. The second answer differed from the first, in alleging that Gilmer claimed whatever amount was due from the garnishee, as exempt from garnishment or execution. The affidavit to support the claim is set out, and fails entirely to specify any facts or circumstances which would entitle Gilmer to any exemption. If Gilmer was not the head of a family, and his debt to Falkner was contracted before the adoption of the present Constitution, he would have had no right to any exemption at all. The evidence of the salary allowed to the two immediate predecessors of Gilmer in the presidency, and the performance by him of the same duties, was sufficient to justify the finding of an equal amount for him. There was no error in the judgment.

4. The execution on this judgment was superseded before the appeal from it was taken. Whether the *supersedeas* issued irregularly or not, we need not inquire. If there was a case for a stay of execution, the execution ought not to have been let loose on the garnishee. The petition for *supersedeas* was accompanied by an affidavit of Gilmer, claiming exemption under R. C. § 2883, and the " Act for the relief of laborers and employees," approved October 10, 1868 (Acts 1868, p. 249). The act referred to provides, " that hereafter the wages of laborers and employees shall not be subject to garnishment or attachment, except for public dues." The president of a railroad company cannot be said to be a laborer or employee, within the meaning of this law. The term " wages " indicates inconsiderable pay, without excluding " salary," — which is suggestive of larger compensation for personal services. But its application to laborers and employees certainly conveys the idea of a subordinate occupation which is not very remunerative; one of not much independent responsibility, but rather subject to immediate supervision. Section 2883 of the Revised Code is more comprehensive : " Where *any head of a family* in this State has not, of property exempt by law from execution more than five hundred dollars in value, *the salary or wages of such head of the family*, to an amount equal to one half of such wages, in no case to be less than twenty-five dollars per month, shall not be subject to any legal process," &c. Under this law, Gilmer, as disclosed by his affidavit, was entitled to one half of the compensation due to him from the garnishee. If he was willing to indulge the garnishee to that extent, the plaintiff had no right to enforce its collection.

5. The payment of the money under execution, after service of the garnishments, would have been no defence to the garnishee. *Skipper* v. *Foster*, 29 Ala. 330. Section 2951 of the

Revised Code directs a stay of execution when the attachment is brought in another court, until notice is given of a final judgment in that court. Instead of dismissing the *supersedeas*, and refusing relief, the court ought to have determined the matters of the exemption, and of the garnishments, as far as practicable, and allowed an execution for whatever balance of the amount of the judgment the plaintiff was entitled to.

The judgment on the answer of the garnishee is affirmed. The judgment dismissing the *supersedeas* is reversed, and that cause is remanded.