### ADORABLE BEAUTY SCHOOL et al. v. UNITED STATES.
Civil Action No. 608.

District Court, S. D. Texas, Houston Division.

Jan. 23, 1942.

Sam D. W. Low, Jr., of Houston, Tex., for plaintiffs.

Douglas W. McGregor, U. S. Atty., and Brian S. Odem, Asst. U. S. Atty., both of Houston, Tex., for defendant.

KENNERLY, District Judge.

On May 7, 1941, plaintiffs paid to the United States Government $610.81 taxes, penalties, and interest, claimed by the Government to be owing by plaintiffs for the years 1936, 1937, 1938, and 1939, under the Social Security Act, Section 1101 et seq., Title 42 U.S.C.A. This is a suit to recover back such sum under the claim that plaintiffs were not then, and are not now, legally liable therefor, and that they made the payment under protest, etc.

The parties have stipulated that plaintiffs, during such years, had seven (7) employees, and the controversy narrows down to whether F. D. Allison, a vice-president of plaintiffs, was an employee, thus making eight (8), within the meaning of the Act.

The facts are as follows:

(a) Many of the facts have been stipulated, and are set forth in the Pre-Trial Decree, filed January 10, 1942. As so set forth, they are as follows:

"Plaintiffs, Ethel E. Allison and F. D. Allison, are citizens of the United States and of the State of Texas and reside in Harris County, and plaintiff Adorable Beauty School, Inc., is a private corporation, organized under and by virtue of the laws of the State of Texas, and domiciled in Harris County, Texas.

"This is a suit against the United States of America, arising under the revenue laws of which the District Courts of the United States have original jurisdiction and venue is properly laid in the Southern District of Texas and the Houston Division thereof.

"The taxes, penalties and interest herein sought to be recovered were assessed under Title IX of the Social Security Act and under Subchapter C of Chapter IX of the Internal Revenue Code against Adorable Beauty Parlors, Inc., by virtue of and in respect to the employment of certain individuals by said corporation in the conduct of a place of business at 1000 Travis Street in Houston, Harris County, Texas, known as 'Adorable Beauty School.'

"Said taxes, penalties and interest was paid on May 7, 1941 to Frank Scofield who was at all pertinent times the duly appointed, qualified and acting Collector of Internal Revenue for the First District of Texas, which includes Harris County, and as such collector was invested with full power and authority to collect such taxes, penalties and interest, for and on behalf of the United States, and the amounts so paid and collected and the years for which same were assessed were as follows:

| 1936 | $ 71.25 |
| 1937 | 164.24 |
| 1938 | 213.63 |
| 1939 | 161.69 |
| Total | $610.81 |

"During all the years for which said taxes were levied and collected, the business known as Adorable Beauty School, operated at 1000 Travis Street in Houston, Harris County, Texas, was operated by Adorable Beauty School, Inc., a corporation, and during such periods said corporation operated no other business of any kind or character.

"On May 16, 1941, within less than two years after the payment of said taxes, penalties and interest, Ethel E. Allison filed her claim for refund with the Collector of Internal Revenue, based on the grounds set out in the complaint in this cause and on August 22, 1941 Guy T. Helvering, the duly qualified and acting Commissioner of Internal Revenue denied said claim and gave notice of his ruling to Ethel E. Allison, as provided in Section 3722 (a) (2) [3772 (a) (2)] of the Internal Revenue Code [26 U.S.C.A. Int.Rev.Code § 3772 (a) (2)], and, thereafter, this suit was timely filed."

(b) A Supplemental Stipulation of Facts is as follows:

"In the operation of its said business, known as Adorable Beauty School, the corporation, known as Adorable Beauty Parlors, Inc., had five and only five individuals in its employ other than its officers, and the same five individuals and no others, except its officers, were in its employ during all of such time.

"In addition to its said five employees, who were neither officers nor directors, said corporation had three officers, to-wit:

"Ethel E. Allison, President

"F. D. Allison, Vice-President

"Emmie Mooney, Secretary-Treasurer

"Ethel E. Allison, president, at all pertinent times was in active charge of the business known as Adorable Beauty School, reported for work at its place of business, and received a regular salary for her services as manager thereof, and was not otherwise gainfully employed.

"Emmie Mooney, Secretary-Treasurer of said corporation at all pertinent times was an instructor in said beauty school, reported regularly for work at said place of business, and received a regular salary for her services as instructor, and was not otherwise gainfully employed.

"Annual returns of Adorable Beauty Parlors, Inc. covering Excise Tax on Employers of Eight or More Individuals, under Title IX of the Social Security Act, for the calendar years of 1936, 1937, 1938 and 1939, were each respectively prepared by Henry T. P. Phillips, Deputy Collector of Internal Revenue from information furnished him by the bookkeeper of said corporation, and were signed and sworn to before the said Deputy Collector by F. D. Allison, acting as Vice-President of Adorable Beauty Parlors, Inc., said returns all having been made on or about April 5, 1940.

"That Adorable Beauty Parlors, Inc. 1937 return of Capital Stock Tax was sworn to and subscribed by F. D. Allison, Vice-President of Adorable Beauty Parlors, Inc.

"That Adorable Beauty Parlors, Inc. Corporation Income and Excess Profit Tax return for the calendar year 1936 was sworn to and subscribed by Mrs. F. D. Allison, President, and F. D. Allison, Vice-President of Adorable Beauty Parlors, Inc.

"That Adorable Beauty Parlors, Inc. Corporation Income and Excess Profit Tax Return for the calendar year 1938 was sworn to and subscribed by Mrs. F. D. Allison, President; that, thereafter, the Collector of Internal Revenue at Austin, Texas returned the return to the corporation,

advising it that the affidavit was not properly executed, in that a corporation income tax and excess profit tax return must be signed and sworn to by TWO principal officers of the corporation, and requested the execution of a proper affidavit by the corporation; that, thereafter, the following affidavit was executed and returned to the Collector of Internal Revenue:

" 'Affidavit

" 'We, the undersigned, president (or vice president, or other principal officer) and treasurer (or assistant treasurer, or chief accounting officer) of the corporation for which this return is made, being severally duly sworn, each for himself deposes and says that this return (including any accompanying schedules and statements) has been examined by him and is, to the best of his knowledge and belief, a true, correct, and complete return, made in good faith, for the taxable year stated, pursuant to the Revenue Act of 1938, and the Regulations issued thereunder.

" '/S/   Mrs F D Allison, Pres
(President or other principal officer)

" '/S/   F. D. Allison, Vice Pres.
(Title)

" '/S/   Emmie Mooney, Treas.
(Treasurer, Assistant Treasurer, or Chief Accounting Officer)
(Title)

" 'Subscribed and sworn to before me this 3rd day of April, 1939.

" '/S/   Viola Covington
(Signature of officer administering oath)
Notary Public—Harris County Texas' "

(c) At the trial, plaintiffs offered the testimony of F. D. Allison, vice-president of plaintiffs. His testimony I find to be true. It is correctly summarized in plaintiffs' brief, from which I quote:

"F. D. Allison testified: that he has been in the employ of the Texas Company for approximately twenty four years—that he is foreman in that company's garage and that he has been regularly paid for his services by the Texas Company. He further testified that Plaintiff Ethel E. Allison is his wife—that she ran a beauty parlor

before he married her—that she continued to operate it after her marriage—that about 1926 she incorporated the business, he and his sister Mrs. Mooney joining her as incorporators, each receiving one share of stock—that the charter for her business was obtained by Judge Lawhon, the general counsel for the Texas Company—that after the charter was obtained, he (Allison) never attended a stockholders' meeting or Directors' meeting until June 1940, at which meeting he resigned. He testified that his wife ran the beauty parlor until 1936, and that she then began the operation of a beauty school—that he had no voice in the conduct of either the beauty parlor or the beauty school—that he did not report for work at either—that he never did any work connected with the operation of either—that all of his time was occupied by his employment at the Texas Company—that he had no contract of hire or employment with Adorable Beauty Parlors, Inc., or with either of the businesses that his wife ran—that he never received any wages, salary, or other compensation from it or them—that he never borrowed any money from the corporation and that he never received any dividends from it. He testified that he signed the several reports and form mentioned in the stipulations and said that all of them were signed at the request of his wife, the bookkeeper of the corporation, or at the instance of a deputy collector of Internal Revenue, who prepared some of them. He stated that he paid several visits to the Collector's office at the request of one of the deputies—also that except for the signing of the several forms mentioned in the stipulations and perhaps some reports for the State in connection with the payment of franchise taxes he never undertook to act for the corporation or represent it in any manner."

The Government cites Nicholas v. Richlow Manufacturing Co., 10 Cir. 126 F.2d 16. This case is exactly in point, and I think correctly states the Law.

The Government also cites Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 139 A.L.R. 916. If the correct rule is reflected by the Deecy case rather than by the Nicholas case, plaintiffs are no better off.

Judgment for defendant.