## BUILDERS LUMBER & SUPPLY CO. v. UNITED STATES.

## JACOB MORTENSON LUMBER CO. v. SAME.

### Civ. Nos. 361, 362.

District Court, W. D. Wisconsin.

Jan. 27, 1943.

R. E. Puchner and Richard P. Tinkham, Jr., both of Wausau, Wis., for plaintiff.

John J. Boyle, U. S. Atty., and Alvin M. Loverud, Asst. U. S. Atty., both of Madison, Wis., for defendant.

STONE, District Judge.

The above entitled actions were tried together as companion cases. In each action plaintiff seeks to recover from the defendant the amount of taxes, interest and penalty paid, under protest, to the Collector of Internal Revenue for the years 1936, 1937 and 1938. The facts in each case are practically identical and undisputed. Neither plaintiff had, during the time involved, eight or more employees, unless the corporation officers, who performed nominal and perfunctory services and who received no compensation, are to be classified as employees of the plaintiffs.

Plaintiffs contend that the provisions of the statute are intended to include officers of a corporation as employees only if the officers, aside from the fact that they were corporation officers, met the usual requirements of the term "employee", namely, that the services rendered by the officers must be performed for the corporation, and there must be compensation paid to the officers for the services rendered and the officers must be subject to control or supervision by the corporation.

The unsalaried officers of the plaintiffs for the years in question were the treasurer, secretary and the vice-president. The secretaries performed no services for the corporations except the countersigning of stock certificates and the preparation of the minutes of the corporate meetings. The vice-presidents performed no duties except that during a part of the year 1938 the vice-president of the Jacob Mortenson Lumber Company assumed and performed the duties of the president of the corporation.

The principal · questions involved herein are: First: Is an officer of a corporation who received no compensation and performed some service for it, an employee within the statutory definition of the Act? Second: Is an officer of a corporation who received no compensation and who performed no actual services for the corporation but was subject to its control, an employee under the Act?

During the years of 1936, 1937 and 1938, each of the plaintiffs had in its employ, exclusive of its officers, less than eight employees who received compensation for services rendered the corporation. Section 907(a) of the Social Security Act, 49 Stat. 642, 42 U.S.C.A. § 1107(a), excludes from the term "employer" an employer who does not have eight or more employees.

Section 1101(a) (6) of said Act, 49 Stat. 647, 42 U.S.C.A. § 1301(a) (6), reads in part:

"When used in this Act [chapter]— * * *

242

"(6) The term 'employee' includes an officer of a corporation."

Pursuant to the articles of organization and the by-laws of plaintiffs, their directors were charged with the duty of operating the corporate business including the supervision of the activities of the officers and the services they performed for the corporation.

■ The statute defines "employee". It includes in the category of employee officers of a corporation. The subsection of the Social Security Act relative to the officers of a corporation has received different interpretations by the Circuit Courts of Appeals. In the case of Deecy Products Co. v. Welch, decided by the Circuit Court of Appeals for the First Circuit and reported in 124 F.2d 592, 139 A.L.R. 916, it was held that in order to be classified as an employee, the officer must perform services for the corporation, must be compensated for such services, and be subject to the control or supervision of the corporation. In a well-reasoned opinion the Circuit Court of Appeals of the Tenth Circuit, in the case of Nicholas v. Richlow Mfg. Co., 126 F.2d 16, held otherwise and adopted the strict wording of the statute, holding that when used in this act the term "employee" includes the officer of a corporation, even though the usual relationship of employer and employee does not exist.

Treasury Regulation 90, promulgated in 1936 under the Social Security Act, construes the statute to include every corporate officer, except a director, in the category of an employee.

Congress amended the act in 1939 without changing the definition of an employee as used in the act, which is a strong indication of the intent of Congress that all officers, without exception, whether receiving compensation or not, should be listed under the provisions of this act in the category of employee.

The officers of the plaintiff corporations were properly included under the act as their employees, and plaintiffs are not entitled to recover from defendant the amount they paid for taxes, interest and penalty, as alleged in the complaint.

Defendant's counsel may submit findings in accordance with this opinion, and a proposed judgment dismissing plaintiffs' complaints, with costs.