## NATIONAL WOODEN BOX ASS'N v. UNITED STATES.

### No. 45929.

Court of Claims.

March 5, 1945.

L. L. Hamby, of Washington, D. C., for plaintiff.

J. A. Rees, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

Plaintiff sues to recover $1,081.93, taxes and penalties and interest assessed for the years 1936, 1937, and 1938 under Title IX of the Social Security Act, c. 531, 49 Stat. 620, 639–645, 42 U.S.C.A. § 1101 et seq., and for the year 1939 under the Federal Unemployment Tax Act (Chapter 9, Subchapter C, Internal Revenue Code, 53 Stat. Part I, 174, 183; 26 U.S.C.A. Int.Rev.Code, § 1600 et seq.).

The applicable provisions of the two Acts are the same. Section 901 of the Social Security Act reads as follows:

"Title IX—Tax on Employers of Eight or More

"Imposition of Tax

"Section 901. On and after January 1, 1936, every employer (as defined in section 907) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages (as defined in section 907) payable by him (regardless of the time of payment) with respect to employment (as defined in section 907) during such calendar year: * * *."

Section 902 provides for a credit against the tax for the contributions made by the taxpayer to a State unemployment fund in an amount not to exceed 90% of the tax.

Section 907 reads in part:

"Sec. 907. When used in this title—

"(a) The term 'employer' does not include any person unless on each of some

twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more.

"(b) The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash.

"(c) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer, except— * * *."

Section 1101 (a) of Title XI, 42 U.S.C.A. § 1301 (a) (6), which contains general provisions applicable to all titles of the Act, reads in part:

Section 1101. "(a) When used in this Act—

* * * * * *

"(6) The term 'employee' includes an officer of a corporation."

Plaintiff is a nonprofit unincorporated association of wooden box manufacturers. For all of the years in question it had less than eight employees, exclusive of the president, three vice presidents, and the treasurer. The business of the association was run by the secretary-manager, who received a salary for his services. Including the secretary-manager, the association had four employees in 1936, seven in 1937, and six in 1938 and 1939.

The duties of the president, the three vice presidents and the treasurer were nominal. They served without pay. The president's duties consisted of presiding over the annual meetings and writing occasional letters. The Association provided him with no office, supplies or equipment, nor clerical or other assistants. He did not hire the employees, fix their wages, nor have the right to discharge them. Such duties were performed by the secretary-manager, who was employed by the Board of Governors, and worked under their supervision. The vice presidents performed no duties. The treasurer had no office, supplies, nor assistants. His sole duty was to countersign checks.

Under these facts we are of opinion plaintiff is not liable for the tax.

The tax is levied on the employer for the exercise of the so-called privilege of having eight or more individuals in his employ. It reads, "every employer * * * shall pay * * * an excise tax, with re-

spect to having [8 or more] individuals in his employ * * *." It is measured by "the total wages * * * payable by him * * * with respect to employment." The tax, then, is levied on the privilege of having eight or more individuals in one's employ measured by the wages paid for such employment. Cf. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293.

It would seem, therefore, that Congress used the word "employ" in its usual sense of "to hire," and that the tax was levied only on those who hired eight or more persons. Since the tax was to be measured by the wages paid for the employment, the presumption is that Congress, in levying the tax on one having eight or more employees, had in mind only paid employees. An officer who received no compensation did not increase the tax burden on a corporation subject to the tax, for the tax was measured by the total wages paid. Since in measuring the tax such a person did not count, it would seem inconsistent to count him in order to bring the corporation within the class subjected to the tax. For both purposes it would seem Congress had in mind only persons who were paid compensation.

This is the usual sense in which the word "employee" is used. Webster defines an employee as "one who works for wages or salary in the service of an employer." It is generally so defined. In fact, there can be no enforceable contract of employment without an agreement to pay compensation in some form; otherwise, there would be no consideration for the contract.

The Act uses the word "wages" instead of compensation. It defines this word to mean "all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash." Unless these officers received some sort of remuneration having a cash value, they were not employees as that word was evidently used in the Act. It is agreed that they received no compensation having a cash value.

Defendant insists, however, that Congress, in section 1101 (a) supra, has enacted that the word "employee" includes "an officer of a corporation," and, therefore, that the officers of this association must be included. We do not think this follows. The word "employee" ordinarily denotes a subordinate person; it is fre-

quently construed to exclude the officers of a corporation. The purpose of this section was intended to prevent this construction. Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 139 A.L.R. 916. We do not think it was intended to include an officer who received no compensation for his services.

The Circuit Court of Appeals for the 10th Circuit in Nicholas v. Richlow Mfg. Co., 126 F.2d 16, took the contrary view, but we do not think Congress intended by this general provision to include within the employees of a corporation, for the purpose of the unemployment tax, an officer who received no compensation, who did not increase the corporation's tax burden and who derived no benefits from the Act. Only those employees were to be counted who drew compensation and for whose benefit the Act was enacted.

This is in accord with the decisions of the 1st, 4th, and 5th Circuit Courts of Appeal in Deecy Products Co. v. Welch, supra; Independent Petroleum Corp. v. Fly, 5 Cir., 141 F.2d 189, 152 A.L.R. 928; Magruder v. Yellow Cab Co. of D. C., 4 Cir., 141 F.2d 324, 152 A.L.R. 516.

Plaintiff is entitled to recover the amount of $1,081.93, less 60 cents which has been refunded, plus interest as allowed by law. Judgment for this amount is rendered. It is so ordered.

WHALEY, Chief Justice, and MADDEN and LITTLETON, Judges, concur.

JONES, Judge, took no part in the decision of this case.