## MASSACHUSETTS CIVIC LEAGUE v. UNITED STATES.

### Civil Action No. 2747.

District Court, D. Massachusetts.

March 7, 1945.

Nichols & Boyer and Joseph A. Boyer, all of Boston, Mass., for plaintiff.

Edmund J. Brandon, U. S. Atty., and George F. Garrity, Asst. U. S. Atty., both of Boston, Mass., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharpe and Paul S. McMahon, Sp. Assts. to Atty. Gen., for defendant.

SWEENEY, District Judge.

In this action the plaintiff seeks to recover taxes, interest, and penalties alleged to have been illegally assessed against it. Although this action covers payments over a period of about four years there are

involved but three main questions: (1) Whether the taxpayer is exempt from all taxation under the Social Security Act, (2) if not exempt from all Social Security taxes, is it exempt from taxation under Title IX, 42 U.S.C.A. § 1101 et seq., as being an employer of less than eight individuals, and (3) whether the penalties assessed for late filing were legally assessed.

## Findings of Fact

The plaintiff is an organization formed "for the purpose of informing and organizing public sentiment in matters pertaining to the charitable and reformatory interests and institutions of the Commonwealth, and for promoting the study, careful framing and systematic agitation of measures for social improvement." It is a non-profit organization and its principal place of business is in the City of Boston. It maintains a headquarters with a library on Beacon Hill in a location which is quite close to that of the Massachusetts Legislature. As a part of its activities it uses its library for itself and for the general public as a source for information and data on matters that are of current interest. It appears, through its paid secretary, before many legislative committees in two roles: first, as a non-partisan gatherer of information seeking to give to the Legislature the best results of its labor and its library and, secondly, it appears as a proponent for legislation which it believes is beneficial to the classes of persons or institutions in whom it is deeply interested. It also appears in opposition to legislation which it believes harmful to the causes in which it is interested. I find that a substantial part of its activities consists of efforts or attempts to influence legislation. This action is to recover taxes, penalties, and interest paid for the calendar years 1936 through 1939 in the aggregate amount of $1,344, plus interest.

The plaintiff is exempt from income taxes by virtue of a provision in Section 101(8) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 101(8), which exempts "Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare * * *." There is no similar provision which would exempt this taxpayer from the Social Security taxes unless the taxpayer's contention that it is a charitable, educational or scientific corporation can be sustained. The Social Security Act, Section 811(b), 42 U.S.C.A. § 1011(b), read as follows:

"The term 'employment' means any service * * * except—* * *

"(8) Service performed in the employ of a corporation, community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual."

Identical language may be found in Section 907(c) (7) of that Act, 42 U.S.C.A. § 1107(c) (7).

The plaintiff claims to be a scientific organization within the meaning of this section. I do not believe that the ordinary meaning of the word "scientific" can be stretched to a point that would include the activities of this taxpayer. Furthermore, Treasury Regulations 90 in Article 206(7), issued in 1936, interpreted Section 907(c) (7) as referring to organizations such as those concerned with the relief of the poor, the improvement or development of the capabilities of the individual, and even the instruction of the public, but particularly ruled out of that exempting section an organization which was formed, or availed of, to disseminate controversial or partisan propaganda, or which by any substantial part of its activities attempts to influence legislation. The Social Security Act Amendments of 1939, Section 606, 26 U.S.C.A. Int.Rev.Code, § 1426(b) (8), added the following limitation:

"* * * and no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation."

The effect of this amendment was to give Congressional approval to Article 206(7) of Regulations 90. I think that the Regulations, when adopted in 1936, were authorized by the language of the section and were not an unwarranted limitation of it. The Congressional approval of that legislation three years later is strong evidence that Congress intended the language of the Social Security Act to be construed as the Regulations construed it. I therefore find that the Regulations were valid and that the taxpayer was not a scientific organization within the meaning of Section 1426 (b) (8) of the Internal Revenue Code, and was therefore liable for Social Security

348

taxes during the years in question if all other conditions were met.

■ The question of the taxpayer's liability for taxes under Title IX, Section 907(a) of the Social Security Act, 26 U. S.C.A. Int.Rev.Code, § 1607(a), must be decided in favor of the taxpayer. This section levies a tax against employers who employ more than eight individuals under certain conditions named in the statute. The whole question of this taxpayer's liability is dependent upon whether its vice presidents are "individuals who were employed by him in employment" or, stated another way, whether the vice presidents were employees of the taxpayer within the meaning of the statute. Ordinarily vice presidents and other officers of corporations have been held to be employees of the corporation which they served, but in the instant case I find that the taxpayer had a firmly established policy of electing vice presidents as an honorary gesture for services performed in the past. In every instance the vice presidents serving during the tax years involved were men who were no longer active in the affairs of the taxpayer but who, for long periods of time theretofore, had been very active. The election of vice presidents by this corporation was considered in no light other than as a reward for services rendered in the past and, further, in no instance did the corporation expect to receive, nor did it receive, any service from any of its vice presidents except in one or two rare instances. This being so and it being conceded by the Government that there are not eight individuals in the employ of this corporation unless the vice presidents are included, I find that the taxpayer was not an employer of eight individuals during the taxable years and hence was exempt from taxation under Title IX, Section 907(a) of the Social Security Act.

■ With regard to the taxpayer's claim for the penalties, it is of course entitled to the return of the penalties in addition to the taxes and interest collected under Title IX. As to the penalties imposed for late filing of tax returns, other than for taxes levied under Title IX, I must find that the penalties were properly and legally assessed by the Commissioner. Regardless of how sincere the plaintiff may have been in its belief that it was exempt from all Social Security taxes, nevertheless its failure to file a return subjected it by law to the penalty. I assume that the Commissioner had the right to waive the penalty but did not choose to exercise that right. I know of no authority in this Court to waive a penalty that is properly and legally assessed.

Conclusions of Law

From the foregoing I find and rule that the taxpayer is not exempt from Social Security taxes levied under Title VIII of the Social Security Act. I find and rule that the taxpayer was exempt from taxation under Title IX of the Social Security Act during the years here involved. I find and rule that the penalties levied for late filing of returns under Title VIII were properly and legally assessed against this taxpayer. Judgment for the plaintiff may be entered in accordance with the above.