## UNITED STATES v. BERNSTEIN et al.
### No. 5980.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 16, 1949.

Decided Dec. 24, 1949.

106

Fred E. Youngman, Special Assistant to the Attorney General (Theron Lamar Caudle, Assistant Attorney General, Ellis N. Slack and A. F. Prescott, Special Assistants to the Attorney General, George R. Humrickhouse, U. S. Attorney, and Robert N. Pollard, Jr., Assistant U. S. Attorney, Richmond, Va., on the brief) for appellant.

R. Colston Christian, Richmond, Va., for appellees.

Before PARKER, Chief Judge, DOBIE, Circuit Judge, and CHESNUT, District Judge.

CHESNUT, District Judge.

In this tax refund case the question of law for decision is whether an officer of a corporation *must* necessarily (per se) be treated as an employee or only *may be* so treated according to the circumstances of the case, within the meaning of the Social Security Act, 42 U.S.C.A. § 1101, 49 Stat. 639, which imposes a tax on "Employers of Eight or More". During the tax years here involved the corporate taxpayer had three officers and seven employees. The question was presented to the United States District Court for the Eastern District of Virginia and is here on appeal in the particular situation now to be stated.

The Gresham Court Apartment House Corporation was formed under the laws of Virginia. In 1933 its capital stock was closely held by a few persons, and its activities consisted only of the ownership and operation of a building containing fifty-five apartments in Richmond, Virginia.

The very conventional by-laws of the corporation provided for the usual complement of officers consisting of a president, a vice-president and a secretary-treasurer. In 1933 it was recited in a resolution of the directors that the active management of the corporation's business had been performed by the three officers to whom a salary of $100 a month for two, and $250 a month for one was then provided. But very promptly thereafter the management plan was radically changed, a full time resident manager was employed at a stated substantial salary and the three officers were relieved of any active participation in the conduct of the business of the apartment house. No salary was ever in fact actually paid to them and none was demanded by them although they continued to be officers, directors and stockholders of the corporation until it was dissolved in 1945 after all its six stockholders had sold their stock to the Ajax Realty Company. The only duties ever performed by these officers for the years involved (1937-1944) consisted of purely nominal attention to matters pertaining to the corporate organization, such as occasional attendance at a few stockholders' or directors' meetings, and signing 10 stock certificates and signing checks of the corporation.

When the stock of the corporation was sold in 1945 the purchaser, on learning that the corporation had not paid the taxes here in question, insisted that the stockholders provide the money to pay the amount ($2153.52) claimed by the Collector of Internal Revenue to be due for taxes, penalty and interest under the Social Security Act and the Federal Unemployment Tax Act for the years 1937 to 1944.

After the tax had been paid to the Collector the corporation was dissolved and its further affairs placed in the hands of three trustees for liquidation, who are the appellees in this case. They promptly filed a petition for the refund of the taxes and this being denied, suit was brought by them in the court below to recover the amount that had been paid. After hearing evidence from a number of witnesses without any opposing evidence offered on behalf of the United States, the District Judge found as a fact that the only services performed by any of the officers within the tax period were purely nominal and without any actual compensation or right to compensation from the corporation. He concluded as a matter of law that an officer of a corporation is not per se an employee of the corporation within the meaning of the Act; and that on the facts found they did not have the employer-employee relationship to the corporation. He therefore ordered judgment in favor of the plaintiffs for $2153.52, being the total amount which had been paid. Thereupon the United States has entered its appeal to this court.

The taxing act with which we are here concerned was originally imposed as an excise tax by Title IX of the Social Security Act of 1935. 49 Stat. 620, 639; 42 U.S.C.A. § 1101 et seq. In 1939 it was incorporated in the Internal Revenue Code, §§ 1600–1611, 26 U.S.C.A. §§ 1600–1611, where it is named the "Federal Unemployment Tax Act". In imposing the tax section 901 of the Act of 1935 read: "On and after January 1, 1936, every employer (as defined in section 907) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages (as defined in section 907) payable by him (regardless of the time of payment) with respect to employment (as defined in section 907) during such calendar year."

Section 907 defined certain words as follows:

"(a) The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more.

"(b) The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash.

"(c) The term 'employment' means any service, of whatever nature, performed

within the United States by an employee for his employer" (with certain exceptions not here involved).

It is to be noted that the statute in expressing the incidence of the tax does not impose it upon an employer of eight or more "employees" but of eight or more individuals. And the word "employee" is not itself defined in the list of definitions contained in Title IX, 42 U.S.C.A. § 1101 et seq. However, in Title XI of the Social Security Act under the heading of "General Provisions" section 1101(a) (6) defined the term "employee" as follows: "The term 'employee' includes an officer of a corporation". 42 U.S.C.A. § 1301(a) (6). As the incidence of the tax is not expressed to be on a person employing eight or more employees, it has been doubted that the definition of "employee" in section 1101(a) (6) is itself really applicable to the case.[1] But as it seems to

have been very generally assumed in the adjudicated cases that in substantial effect the intention was to impose the tax on employers of eight or more employees, and as the main contention of the appellant in this case is based on that assumption, we will also assume its correctness for the purposes of this case.

By sec. 908 of Title IX the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, was authorized to make and publish rules and regulations for the enforcement of the title. Pursuant thereto, Treasury Regulation 90, Art. 205 entitled "Employed Individuals" provided among other things "an officer of a corporation is an employee of the corporation", and Treasury Regulation 107 promulgated under the Federal Unemployment Act, section 403.204 entitled "Who are employees" is to the same effect.[2]

1. Independent Petroleum Corp. v. Fly, 5 Cir., 141 F.2d 189, 190, 191, 152 A.L.R. 928, Judge Sibley said: "Let it be carefully noted that nowhere is the term 'employee' used. In a seemingly studious avoidance of that term the periphrasis 'individual in his employ' is used, and it occurs frequently throughout Title IX. We think the common and usual meaning of that phrase is natural persons who serve or work for another. * * * Title IX has in Sec. 907 its own definitions, but 'employee' is not among the terms there defined, for it is not made use of. An artificial definition at the end of the Act of 'employee' cannot be attached to the phrase 'individual in his employ', because that definition is expressly made applicable only when that very term 'employee' is used by the Act. It was not used in imposing the tax in Title IX."

2. The full text of the regulation is:
"Sec. 403.204. *Who are employees.*— Every individual is an employee if the realtionship between him and the person for whom he performs services is the legal relationship of employer and employee. * * *

"Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that re-

sult is accomplished. That is, an employee is subject to the will and control of the employer not only as to *what* shall be done but *how* it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of an employer, but not necessarily present in every case, are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee. * * *

"No distinction is made between classes or grades of employees. Thus superintendents, managers, and other superior employees are employees. An officer of a corporation is an employee of the corporation but a director as such is not. A director may be an employee of the corporation, however, if he performs services for the corporation other than those required by attendance at and participation in meetings of the board of directors."

As the taxpayer had only seven employees, not counting any of the three officers of the corporation, it is apparent that whether or not it was subject to the tax depends upon whether one or more of the officers must be counted as an employee of the taxpayer. The government contends that this question must be answered in the affirmative for three reasons: (1) Apart from the effect of the definition of the word "employee" in the Act, two of the three officers should be classed as employees on the facts of the case, when their relationship to the corporation is tested by the common-law incidents of the employer-employee relationship; (2) failing this contention, then by virtue of the statutory definition and the regulation, an officer of the corporation is necessarily and always (per se) an employee of a corporation within the meaning of the Act; (3) and if officers of the corporation were not per se employees under the original Act, nevertheless they were made so by the phraseology of a joint resolution of Congress passed in 1948, No. 296, c. 468, 62 Stat. 438, 26 U.S.C.A. §§ 1426, 1607. We will consider these contentions separately.

■ The evidence in the case consisted of a stipulation of facts and some uncontradicted oral testimony. The District Judge made special findings of fact which, with respect to the compensation and services of the officers, may be briefly summarized. During the years in question, 1937 to 1944 both inclusive, each and all of the three officers of the corporation rendered only nominal services without compensation. Their principal activities consisted in their attendance at some of the annual meetings of the stockholders and directors, signing ten stock certificates during the eight years, and signing checks. The business of the corporation, the operation of the apartment house, was competently managed by a full-time manager and the officers. were required to give little, if any, attention to its affairs in the years in question; and all of them were fully and actively occupied in other gainful occupations. What little services they performed were of a minor or nominal nature having no material bearing or effect upon the functioning of the corporation in the conduct of its business. Unless these findings of fact by the District Judge are determined to be clearly erroneous they must be accepted here for the purpose of the decision.[3] Examination of the record shows that they are amply supported by the evidence.

■ On these facts it is clear enough that no one of the officers was an employee of the corporation in the ordinary understanding of that word or when tested by the common-law incidents of the relationship of employer and employee. While this point is not conceded by appellant's counsel, its correctness was not seriously challenged in the oral argument. It is amply legally supported. Such minor services as the officers performed were only those performed · by virtue of their offices pursuant to the maintenance of the corporate organization as distinct from conduct of business by the corporation. In Shriver v. Carlin & Fulton Co., 155 Md. 51, 58, 141 A. 434, 438, 58 A.L.R. 767, the applicable law is succinctly expressed: "It is true that a director nor any other officer of a corporation is by virtue of his office its employee, but there seems to be no valid reason why his occupancy of such office should disqualify him from serving the corporation in some other and different capacity, or from becoming its employee, where the duties and incidents of his employment are separate and distinct from those pertaining to his office." See also Independent Petroleum Corp. v. Fly, 5 Cir., 141 F.2d 189, 191, 152 A.L.R. 928; and National Wooden Box Ass'n v. United States, 59 F. Supp. 118, 121, 103 Ct.Cl. 595 (a case on very similar facts).

■ The appellant's principal contention is that by force of the statutory definition and the regulation all the officers of a corporation are always and per se employees of the corporation. This was the position originally taken by the Commissioner of Internal Revenue and maintained by him until 1946 when he published Mimeograph

3. Federal Rules of Civil Procedure, Rule 52(a), 28 U.S.C.A.

No. 5957 for the Instruction of Collectors of Internal Revenue, to which we will later refer. But before 1946 the question whether the Commissioner's position was correct in this respect was decided, with some difference of opinion, in numerous federal judicial opinions. In 1941 the Commissioner's position was sustained by the 10th Circuit in Nicholas v. Richlow Mfg. Co., 126 F.2d 16; but two days later in a very fully considered opinion the 1st Circuit held directly to the contrary in Deecy Products Co. v. Welch, 124 F.2d 592, 139 A.L.R. 916, and in United States v. Griswold, 124 F.2d 599; and in 1944 the 5th Circuit likewise ruled to the contrary, Independent Petroleum Corp. v. Fly, Collector, 141 F.2d 189, 152 A.L.R. 928; as did also the Court of Claims in 1945 in National Wooden Box Ass'n v. United States, 59 F.Supp. 118, 103 Ct.Cl. 595. A few district court cases have followed the decision in the 10th Circuit but a much larger number are in accord with the decisions of the 1st and 5th Circuits and that of the Court of Claims.[4] We find the conclusion reached by the majority of the decisions more persuasive and convincing than the views of the minority, and therefore hold that an officer of a corporation is not per se an employee within the meaning of the taxing Act. It would be unnecessarily repetitious to re-state the reasoning of the several cases which have heretofore considered the question. It will be sufficient here to note a few of the more important reasons for our conclusion.

The problem is one of statutory interpretation, the ultimate objective of which is to ascertain the intention of Congress. A very important consideration is the nature of the legislation and the main object sought to be accomplished. In Title IX of the Social Security Act Congress was levying a tax on wages for the principal purpose of providing either directly, or indirectly through State legislation, a fund to relieve unemployment distress. The tax is measured by a percentage of the wages. If no wages are paid by the employer, no tax is due. As was said by Judge Dobie for this court in Magruder v. Yellow Cab Co., 4 Cir., 141 F.2d 324, 325, 152 A.L.R. 516, a case arising under Title VIII of the Social Security Act, 26 U.S.C.A. § 1400 et seq.: "It is crystal clear that two essential conditions precedent must concur in order that a valid tax may be here levied: (1) There must exist a relationship of employer and employee; (2) wages must be paid by the employer to the employee." [5]

In the instant case the officers of the corporation received no salaries or other compensation for their very nominal services. In National Wooden Box Ass'n v. United States, 59 F.Supp. 118, 121, 103 Ct. Cl. 595, on very similar facts, the Court of Claims in an opinion by Judge Whita-

4. District Court cases supporting the per se doctrine are Adorable Beauty School v. United States, D.C.S.D.Tex.1942, 61 F. Supp. 694, Kennerly, J.; Beaverdale Memorial Park v. United States, D.C.Conn. 1942, 47 F.Supp. 663, Smith, J.; Builders Lumber & Supply Co. v. United States, D.C.W.D.Wis.1943, 48 F.Supp. 241, Stone, J. The district court cases against the per se doctrine holding that officers of a corporation are not necessarily employees within the meaning of the Act are: Lewiston Elev. Co. v. Reynolds, D.C.Minn.1946, 63 F.Supp. 975, Donovan, J.; Massachusetts Civic League v. United States, D.C. Mass.1945, 59 F.Supp. 346, Sweeney, J.; Tidwell v. United States, D.C.W.Tenn. 1945, 63 F.Supp. 609, Boyd, J. See Magruder v. Yellow Cab Co., 4th Cir.1944, 141 F.2d 324, 325, 152 A.L.R. 516, Dobie, J.; Yellow Cab Co. v. Magruder, D.C.Md.

1943, 49 F.Supp. 605, 606. In addition to the above cases formally reported, there have been possibly a dozen or more district court decisions some of which are collected in 1 C.C.H. Unemployment Insurance Service, p. 1819, and 1 P.H. Security Tax Service, pars. 33786.129B, and 33851.3, a substantial majority being against the per se doctrine.

5. In that case the district court had held that drivers of a particular taxicab company who were not paid wages by the cab owner but paid to the cab owner a certain sum for the use of the cab, were independent contractors and not employees and therefore as they received no wages their earnings were not subject to the tax. 49 F.Supp. 605, affirmed on appeal, 141 F.2d 324.

ker, determined that the officers of the corporate taxpayer were not to be counted as employees. The reasoning of the court is very persuasive here. It was said: "The tax is levied on the employer for the exercise of the so-called privilege of having eight or more individuals in his employ. * * * It is measured by 'the total wages * * * payable by him * * * with respect to employment.' * * * It would seem, therefore, that Congress used the word 'employ' in its usual sense of 'to hire,' and that the tax was levied only on those who hired eight or more persons. Since the tax was to be measured by the wages paid for the employment, the presumption is that Congress, in levying the tax on one having eight or more employees, had in mind only paid employees. An officer who received no compensation did not increase the tax burden on a corporation subject to the tax, for the tax was measured by the total wages paid. Since in measuring the tax such a person did not count, it would seem inconsistent to count him in order to bring the corporation within the class subjected to the tax. For both purposes it would seem Congress had in mind only persons who were paid compensation."

▆ The principal argument based on the statutory definition is that it is really meaningless and pure surplusage unless we give it the meaning that an officer must always be an employee; because, apart from the definition, an officer of a corporation may or may not be an employee dependent on the circumstances of the particular case. This, we have seen, is true; but it was by reason of and not despite the uncertainty of connotation of the word that the defini-

tion was put into the statute.[6] Without the definition the argument would have been open to taxpayers that an officer of a corporation was never to be classed as an employee. Title IX of the Social Security Act was, as we have pointed out, enacted in contemplation of State statutes, present or prospective. Congress must have been aware of numerous decisions to the effect that under particular statutes the term "employee" was held to exclude corporate officers.[7] The meaning and purpose of the definition is well expressed by Judge Sibley in Independent Petroleum Corp. v. Fly, 141 F.2d 189, 191: "We think Congress intended by its definition that 'employee' in the Act was not meant to exclude officers if they were really employed by the corporation. Nominal officers such as honorary Vice-presidents and this Secretary, who do nothing and are paid nothing, were not intended to be made into employees throughout the Act."

In National Wooden Box Ass'n v. United States, 59 F.Supp. 118, 121, it was said: "The word 'employee' ordinarily denotes a subordinate person; it is frequently construed to exclude the officers of a corporation. The purpose of this section was intended to prevent this construction. Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 139 A.L.R. 916. We do not think it was intended to include an officer who received no compensation for his services." And in Deecy Products Co. v. Welch, supra, Judge Mahoney, after referring to the uncertainty of the meaning of the term "employee" as evidenced by different state court decisions, said [124 F.2d 595]: "In the absence of Section 1101(a) (6) it could

---

6. The word "includes" in the definition is itself ambiguous in the context of the whole statute. It is not synonymous with the word "means". Harris v. State, 179 Miss. 38, 175 So. 342. In Webster's dictionary synonyms of "include" are "contain, comprise, comprehend, embrace and involve". It seems to have been felt necessary to define "include" itself in the statute but the definition does not aid us here. 42 U.S.C.A. § 1301(b).

7. See 71 C.J. 506, and 15 A.L.R. 1288, for cases arising under Workmen's Compen-

sation Statutes. See also Shriver v. Carlin & Fulton Co., 155 Md. 51, 141 A. 434, 58 A.L.R. 767; South & N. A. Railroad v. Falkner, 49 Ala. 115, for varying conclusions relating to attachment of wages of employees. See also Helsabeck v. Vass, 196 N.C. 603, 146 S.E. 576; Alexander v. Farrow, 151 N.C. 320, 66 S.E. 209, holding officers not included under the term "employee" under particular statutes there involved. For other varying meanings of the word "employee", see Words and Phrases.

have been argued that, granting the ordinary employment relationship existed with respect to corporate officers, still these superior employees were not intended to be covered by the Act. For that reason Congress might well have felt the necessity of inserting such a section as Section 1101(a) (6) in the Act so that it would be clear that the Act covered superior employees as well as inferior employees."[8] Nor is the government's position really supported by the one short sentence in a long regulation reading "An officer of a corporation is an employee". That argument is sufficiently answered by what Judge Sibley said in the Independent Petroleum case, supra, 141 F. 2d at page 191: "This, however, falls short of declaring that all officers in all circumstances are employees. * * * But whatever may have been intended by this language, we think the power to make regulations does not extend to making taxpayers of those whom the Act, properly construed, does not tax."

We think it also very significant that the Commissioner himself, in view of the trend of judicial decisions, apparently abandoned his original per se doctrine of corporate officers as employees, by publishing on January 4, 1946, A and C Mimeograph Coll. No. 5967, 1946-1, Cum. Bull. 255, in which, for the guidance of Collectors of Internal Revenue, it was stated that officers of a corporation who perform no services or only services of a minor or nominal nature without receiving or being entitled to receive remuneration in any form, "will not be considered as employees of the corporation either because of such services or because of having the status of officers."[9]

The appellant's final contention is that, even if, in accordance with the majority of judicial decisions heretofore rendered, officers of the corporation are not per se employees, they were made so by a Joint Resolution of Congress, June 14, 1948,[10] amending the statutory definition of "employee" as contained in section 1607 (i) of 26 U.S.C.A., so that it now reads: "The term 'employee' includes an officer of a corporation, but such term does not include (1) any individual who, under the usual common-law rules applicable in de-

8. It appears that Congress in passing the Social Security Act had the same understanding of the reason for including the definition of employee. Thus it appears in the appendix to the House Committee's Report on the 1948 Amendment (later to be noted), as follows: "In the Bill as reported out by the Committee and enacted as the Social Security Act * * * the present provision (section 1101(a) (6) ) was adopted that—'The term "employee" includes an officer of a corporation'. Again referring to Webster's Dictionary, it is apparent why the phrase 'includes an officer of a corporation' was used. For the definition is: 'One who works for wages or salary in the service of an employer—distinguished from official or officer'. It is significant in this respect that the dictionary, following the common-law concept of master and servant, would exclude an officer of a corporation from the definition of 'employee' unless the term were defined to include such officers." H.Rep.No.1318, 80th Cong. 2d.Sess. p. 7.

9. The full text of the mimeograph reads as follows: "Considering the trend of judicial opinion it has been decided that the Bureau's position, stated in Paragraph 1 of this mimeograph, should no longer be adhered to and, effective immediately, that position is hereby abandoned. A&C-Mimeograph Coll. No. 5723, dated June 27, 1944, hereby is revoked. Officers of a corporation who, as such, perform no services and receive no remuneration in any form, are not to be considered, in their capacity as officers, as employees of the corporation for employment tax purposes. Similarly, officers of a corporation who, as such, perform some services of a minor or nominal nature but without consideration or remuneration in any form and who are not entitled to remuneration, will not be considered as employees of the corporation either because of such services or because of having the status of officers."

10. Public Law 642, 80th Cong. ch. 468, 2d Sess., 62 Stat. 438, the title of which was "To maintain the status quo in respect of certain employment taxes and social-security benefits pending action by Congress on extended social-security coverage." Sec. 2(b) of the Joint Resolution, 42 U.S.C.A. § 1301 note, reads as follows: "The amendment made by subsection (a) shall have the same effect as if included in the Social Security Act on August 14, 1935, the date of its enactment."

termining the employer-employee relationship, has the status of an independent contractor; or (2) any individual (except an officer of a corporation) who is not an employee under such common-law rules." The argument is that the parenthetical phrase now inserted in the definition shows that the meaning of Congress was that an officer of a corporation is per se an employee. As the tax years in question ended in 1944, it would indeed be a severe application of retroactive tax legislation if the effect of the amendment is to subject a taxpayer to a tax for a period of nearly ten years prior to the date of the Taxing Act when no tax was due for that earlier period. However, this comment relates not to the power of Congress in this respect but has a bearing, we think, on the intention of Congress as to the effect of the amendment. The construction contended for by the appellant is to make the amendment in this respect an expansion rather than a contraction of the scope of the meaning of the word "employee". In our opinion the contention is untenable. We think the clear purpose of the amendment was to exclude from the scope of "employee" individuals who by common-law rules were independent contractors and those who were otherwise not employees under such common-law rules. There was a perfectly good grammatical reason for inserting the parenthetical phrase. Congress did not wish to disturb the prior status of an officer of the corporation as it literally would have done if the parenthetical phrase had been omitted. If, in accordance with the trend of judicial decisions and the consequent change in position by the Commissioner of Internal Revenue, the status of an officer of a corporation as an employee depends upon the circumstances of the particular case and Congress wished to continue this situation without change, then it was obviously necessary to insert the parenthetical phrase.[11]

That the purpose of the resolution was not to expand the coverage of the Taxing Act is clear enough from the title of the resolution which was expressed to be "To maintain the status quo". In subsection (a) of the resolution Congress was evidently concerned with the status of an independent contractor as an employee. A number of federal judicial decisions, including one in this court, had held that an independent contractor was not an employee within the meaning of the Social Security Act. Magruder v. Yellow Cab Co., 141 F.2d 324.[12] But in several recent cases the Supreme Court had indicated that in future cases common-law rules should not be wholly controlling in the status of independent contractors.[13]

It seems probable that Congress passed subsection (a) of the Joint Resolution for the purpose of making it entirely clear that an individual, who by common-law rules had the status of an independent contractor, was not to be considered as an employee under the Act.

We, therefore, conclude that the 1948 Amendment did not in any respect change the status of an officer of the corporation

11. Without the parenthetical phrase the definition of employee would have been as follows: "The term 'employee' includes an officer of a corporation but such term does not include * * * any individual who is not an employee under such common-law rules." But as has been noted, at least under some judicial decisions an officer of a corporation was not an employee by the test of common-law rules. Thus without the parenthetical exception the definition would be self-contradictory in first stating in effect that the officer may and later that he may not be considered an employee.

12. See also Anglim v. Empire Star Mines Co., 9 Cir., 129 F.2d 914; Texas Co. v.

Higgins, 2 Cir., 118 F.2d 636; United States v. Griswold, 1 Cir., 124 F.2d 599; Indian Refining Co. v. Dallman, D.C.Ill., 31 F.Supp. 455, affirmed 7 Cir., 119 F. 2d 417; Walker v. Altmeyer, D.C.N.Y., 46 F.Supp. 790; Burruss v. Early, D.C. Va., 44 F.Supp. 21. Cf. Jones v. Goodson, 10 Cir., 121 F.2d 176; Kaus v. Huston, D.C.Iowa, 35 F.Supp. 327, on appeal 8 Cir., 120 F.2d 183.

13. United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757; Harrison v. Greyvan Lines, Inc., 331 U.S. 704, 67 S. Ct. 1463, 91 L.Ed. 1757; Bartels v. Birmingtam, 332 U.S. 126, 67 S.Ct. 1547, 91 L.Ed. 1947, 172 A.L.R. 317.

as an employee. In that respect the statutory law remained as it previously had been, that an officer of a corporation may or may not be an employee within the purview of the Act, dependent upon the facts and circumstances of his particular relationship to the corporation.

For these reasons the judgment appealed from must be

Affirmed.