## UNITED STATES v. GRISWOLD et al.

### No. 3697.

Circuit Court of Appeals, First Circuit.

Dec. 19, 1941.

F. E. Youngman, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., J. Louis Monarch, Sp. Asst. to Atty. Gen., and Edmund J. Brandon and George F. Garrity, both of Boston, Mass., on the brief), for appellant.

Earle W. Carr, of Boston, Mass. (Gaston, Snow, Rice & Boyd, of Boston, Mass., on the brief), for appellees.

Robert G. Dodge, R. Ammi Cutter, and William Lawrence, II, all of Boston, Mass., amici curiae.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The plaintiffs, trustees of a Massachusetts business trust, brought this action to recover taxes paid by the trust under Section 901 et seq. of the Social Security Act of 1935, 49 Stat. 639, 642, 42 U.S.C.A. § 1101 et seq. with respect to the compensation received by the plaintiffs for their services as trustees during the years 1936, 1937 and 1938, urging that the tax should not have been imposed since the trustees were not rendering services in an employment relationship. Judgment was entered for the plaintiffs in the district court and the defendant has appealed.

On the basis of an agreed statement of facts and some oral testimony, the district judge made the following findings:

The plaintiffs are the trustees of the "Massachusetts Investors Trust" which is engaged in the business of investing in bonds, stocks, notes and other securities. These trustees hold formal meetings once each week and special meetings whenever necessary. They also meet informally from day to day, and while they do not have regularly established office hours, the greater portion of their time during business hours is spent at the office of the trust. During the years 1936, 1937 and 1938 the plaintiffs received the following amounts as compensation for the services which they rendered as trustees:

| | 1936 | 1937 | 1938 |
|---|---|---|---|
| L. Sherman Adams | $ 67,121.90 | $ 78,154.66 | $ 52,795.69 |
| Merrill Griswold | 81,804.81 | 95,250.99 | 64,344.75 |
| Charles F. Rowley | 60,829.23 | 70,827.66 | 47,846.09 |
| Kenneth L. Isaacs | | 11,214.72 | 13,125.01 |
| Dwight P. Robinson, Jr. | | 15,172.86 | 17,875.00 |
| | $209,755.94 | $270,620.89 | $195,986.54 |

The trust also has a secretary, a telephone operator, three clerks, three statisticians, four stenographers and five advisory board members, all of whom have been treated by the trust as employees under the Social Security Act.

The trust was created by an Agreement and Declaration of Trust, made on March 21, 1924, and amended a few times since then. The trust instrument contains the following provisions:

"Article 2, Section 3. The Trustees shall hold office during the lifetime of this Trust, and until its termination as hereinafter provided; except that any Trustee hereunder may be removed at any time by written instrument, signed by all the other Trustees, setting forth the fact of said removal and the date when it shall become effective, a duplicate original of which shall be deposited with said depositary. Said removal shall take effect when approved in writing, by the President, or a Vice-President, of the State Street Trust Company, or its successor, neither officer then being a Trustee of this Trust."

Article 2, Section 4 provides that in the case of a vacancy "the remaining Trustees, or Trustee, shall fill such vacancy by appointing such other person or corporation as they in their discretion shall see fit. Such appointment shall take effect when approved in writing by the President, or a Vice President, of the State Street Trust Company, or its successor, neither officer then being a Trustee of this Trust."

Moreover, the trustees "in all instances shall act as principals, and are and shall be free from the control of the shareholders", dealing with the trust estate as legal owners having exclusive control and management of it. The trustees are given extremely broad powers with respect to the management of the trust. For example, Article 3, Section 1(a) provides:

"The Trustees shall not in anywise be bound or limited by present or future laws or customs in regard to Trust investments, but shall have full authority and power to make any and all investments which they, in their uncontrolled discretion, shall deem proper to accomplish the purpose of this Trust."

The trustees have the power to terminate the trust and the Declaration of Trust can be amended "by written instrument signed by all the then existing Trustees, and assented to in writing by the holders of a majority of the shares then outstanding". No liability is to attach to the trustees or shareholders individually. The trustees are given the power to fix their own compensation but it is not to exceed six per cent of the annual gross earnings of the trust, excluding capital gains.

The pertinent provisions of the statute follow:

"Section 901. [§ 1101.] On and after January 1, 1936, every employer (as defined in Section 907 [1107 of this chapter]) shall pay for each calendar year an excise tax, with respect to having individuals in his employ, equal to the following percentages of the total wages (as defined in Section 907 [1107 of this chapter]) payable by him (regardless of the time of payment) with respect to employment (as defined in Section 907 [1107 of this chapter]) during such calendar year. * * *"

"Section 907. [§ 1107.] When used in this title [sections 1104 to 1110 of this chapter]—

"(a) The term 'employer' does not include any person unless on each of some twenty days during the taxable year, each day being in a different calendar week, the total number of individuals who were in his employ for some portion of the day (whether or not at the same moment of time) was eight or more.

"(b) The term 'wages' means all remuneration for employment, including the cash value of all remuneration paid in any medium other than cash.

"(c) The term 'employment' means any service, of whatever nature, performed within the United States by an employee for his employer * * *."

"Section 1101 [§ 1301.] (a) When used in this Act [chapter—* * *

"(3) The term 'person' means an individual, a trust or estate, a partnership, or a corporation.

"(4) The term 'corporation' includes associations, joint-stock companies, and insurance companies. * * *

"(6) The term 'employee' includes an officer of a corporation." 42 U.S.C.A. §§ 1101, 1107(a–c), 1301(a) (3, 4, 6).

We must determine whether the plaintiffs are rendering services in an employment relationship within the meaning of the Act. As in Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, decided by us this day, so here the government has taken the position that Section 1101(a) (6) means that an officer of a corporation must be an employee whether or not the employment relationship in the ordinary sense exists. With this as its starting point, it argues that a trust must be treated as a corporation for taxing purposes, and since a trust is a corporation, the trustees must be considered officers of a corporation. Consequently, they are employees.

■ We cannot accept the government's argument. In the Deecy case we have set forth at some length our views on the construction to be given the pertinent sections of the Social Security Act of 1935. These views are decisive of the issues here involved. We said that Section 1101(a) (6) meant that if one met the tests of the ordinary employment relationship, his status as an employee was not to be destroyed by the fact that he was also a corporate officer. We held that "an employee is one who meets the tests of the more or less established concept of 'the legal relationship of employer and employee', Texas Co. v. Higgins, 2 Cir., 1941, 118 F.2d 636, 637, and that one who does not meet those tests is not an employee within the meaning of the act even though he may bear the title of corporate officer."

■ The relationship of employer and employee in the ordinary sense does not exist here. These trustees render services and receive compensation, but we do not feel that they are subject to such supervision and control as to make them em-ployees within the scope of the congressional intent.

Restatement, Agency, (1933) § 14(c) has the following comment on the status of fiduciaries:

"There are many relationships in which one acts for the benefit of another which are to be distinguished from 'agency' by the fact that there is no control by the beneficiary. Thus, executors, guardians, and receivers, although required to act wholly for the benefit of those on whose account the relationship has been established, are not subject to their directions. A 'trustee,' that is, one holding property in trust for another and subject to equitable duties to deal with the property for the other's benefit, may or may not be subject to control in the management of the property by the one for whose benefit he is required to act. If he is so subject, he is also an 'agent,' and the rules stated in the Restatement of this Subject apply to him. The directors of a corporation for profit are 'fiduciaries' having power to affect its relations, but they are not agents of the shareholders since they have no duty to respond to the will of the shareholders as to the details of management."

■ Here the plaintiffs are not subject to control in the management of the property by those for whose benefit they are required to act. They are not employees within the meaning of the Act. This decision is in keeping with the Treasury Rulings which hold that trustees in bankruptcy, S.S.T. 112 1937-1 C.B. 463, receivers, administrators of estates and liquidators of banks, S.S.T. 120 1937-1 C.B. 375, guardians of infants, S.S.T. 181 1937-2 C.B. 387 are not employees. It does conflict with the ruling that Massachusetts business trustees are employees of the trust, S.S.T. 136 1937-1 C.B. 377, but that ruling must be declared erroneous insofar as it is inconsistent with this opinion.

Some argument can be made that these trustees in performing some of their duties act like policy-making controlling directors of a corporation and in performing other duties act like corporate officers subject to a board, and that they should be treated as employees insofar as they act like corporate officers. While there may be some merit in this argument, we are not prepared to take the step of splitting the personality of the trustees in this fashion.

Since these plaintiffs are not subject to control, they are not employees within the meaning of the Act. We are not holding that no trustee is an employee. We are merely holding that these plaintiffs are not employees. Of course, there may be a case where a trustee is subject to such control that he would be an employee within the meaning of the Act. This is not such a case.

The judgment of the District Court is affirmed.