## WILLARD SUGAR CO. v. GENTSCH, Collector of Internal Revenue.
### No. 21664.

District Court, N. D. Ohio, E. D.
March 3, 1944.

W. K. Gardner and Reed Rowley, both of Cleveland, Ohio, for plaintiff.

T. Carroll Sizer, Sp. Ass't. to Atty. Gen., for defendant.

FREED, District Judge.

Recovery is sought by the plaintiff in this action of Social Security taxes on compensation of individuals who performed services for it.

The only question for determination by this court is whether, for the period from Jan. 1, 1937, through Sept. 30, 1942, under Section 811(b) of Title VIII of the Social Security Act, 42 U.S.C.A. § 1011(b), and Section 1426(b) of the Internal Revenue Code, Federal Insurance Contributions Act, 26 U.S.C.A. Int.Rev.Code, § 1426(b), and for 1937 through 1941, under Section 907 (c) of Title IX of the Social Security Act, 42 U.S.C.A. § 1107(c), and Section 1607 (c) of the Internal Revenue Code, Federal Unemployment Tax Act, 26 U.S.C.A. Int. Rev.Code, § 1607(c), John Porubsky and Philip Kolb, who were performing services for the plaintiff, were its employees or were independent contractors.

The evidence discloses that the plaintiff was engaged in the business of selling sugar at wholesale.

For a period of 20 years, Porubsky and Kolb made all deliveries to the plaintiff's customers. Each of these men owned his own truck, which he maintained at his own expense. Each hired and paid a helper from time to time.

On regular work days they reported to the plaintiff's place of business with their trucks. There the trucks were loaded with the assistance of employees of the plaintiff, and delivery instructions were furnished.

On occasions they were directed by the plaintiff to transport sugar from railroad sidings to the plaintiff's place of business. In addition to making deliveries, they made collections from the plaintiff's customers, and, at times, made deposits in the bank on behalf of the plaintiff.

One of the men, on rare occasions, used his truck to transport goods for his acquaintances. Aside from such casual services rendered for others, they devoted their entire time to the business of the plaintiff. The plaintiff, in turn, had no other facilities than that provided by these men, to make its daily deliveries to its customers.

Neither of these men had a place of business, nor solicited business from others than the plaintiff, or in any manner held himself out as being in the trucking business.

It appears that the plaintiff requested Porubsky and his helper to join the trucker's union and paid their dues for them. The arrangements for the hire of Porubsky were made orally.

A written agreement, dated 1942, with Kolb was introduced into evidence, which agreement specified that he is to provide trucking and delivery services to the plaintiff for a stated amount, and recites that such delivery service shall not be subject to the control or supervision of the plaintiff.

It appears from the evidence that similar written agreements were in existence prior to 1942 with Kolb and that they were executed at the behest of the company which carried liability insurance on Kolb's trucks.

The record also shows a written contract in 1938 on a printed form provided by the Public Utilities Commission of Ohio reflecting what purports to be the agreement between Kolb and the plaintiff. That contract recites that Kolb is an independent contractor.

Both Porubsky and Kolb were paid a fixed sum each week regardless of the volume of goods delivered, and the record further discloses that neither was held accountable for any damage ever done to the goods he transported for the plaintiff.

The evidence reveals that the compensation paid to Kolb and Porubsky was increased by the plaintiff during the period in question without any apparent oral or written agreement, or without any demand by either.

They received Christmas gifts and bonuses of cash in addition to their regular compensation whenever the employees of the plaintiff were given such gifts.

From these pertinent facts, the question here in issue must be resolved.

In Deecy Products Co. v. Welch, 1 Cir., 124 F.2d 592, 598, 139 A.L.R. 916, it was held that for the purposes of the Social Security Act: "* * * an employee is one who meets the tests of the more or less established concept of 'the legal relationship of employer and employee' * * *." See also United States v. Griswold, 1 Cir., 124 F.2d 599; and Treasury Regulation 91, under Title VIII of the Social Security Act, Article 3.

It is evident to this court that it was the intent of the act to provide security for all who are dependent for their livelihood upon obtaining work from others, rather than upon earning a living in their

own business ventures, subject, of course, to the exceptions delineated in the statute.

That is the plain implication of the statement as to the Congressional intent reflected in the report of the House Ways and Means committee, at the time of the enactment of the 1939 amendments to the Social Security Act (H. Rep. No. 728, 76th Cong., 1st Sess., p. 76), wherein it was stated: "A restricted view of the employer-employee relationship should not be taken in the administration of the Old Age and Survivors Insurance system in making coverage determinations. The tests for determining the relationship laid down in cases relating to tort liability and to the common law conception of master and servant should not be narrowly applied * * *."

From this language it is apparent that the framers of the act planned to extend the benefits of the legislation to as wide a class as could be comprehended within the meaning of the term employee, rather than to limit it to narrowly restricted definitions.

The facts hereinbefore stated leads this court to the finding that Porubsky and Kolb were employees within the purview of the statutes involved.

Porubsky and Kolb were obviously subject to such control and supervision as to make them employees within the clear scope of the intent of the Act. The single fact that they owned and maintained their trucks and used them to perform their jobs for the plaintiff with the assistance of a helper, does not constitute them contractors. They come precisely within the class of people for whose benefit the legislation was enacted.

The written contract in evidence, in which it is specifically recited that the plaintiff shall exercise no control or supervision over Kolb except as to the results of his work; and the printed contract between Kolb and the plaintiff furnished on the required form to the Public Utilities Commission of Ohio, in which there is an assertion that Kolb is an independent contractor, constitutes some evidence as to the relationship between Kolb and the plaintiff.

These recitals or written provisions in the contracts, however, are not convincing. It is entirely unimportant what designation or terminology was used in these written instruments to denote the relationship of the parties, when the evidence persuasively shows that the relationship was that of employer and employee and not of contractor and contractee.

Judgment, therefore, will be rendered for the defendant.