## UNITED STATES v. DUNBAR et al.

### No. 11049.

Circuit Court of Appeals, Ninth Circuit.

April 5, 1946.

Sewall Key, Acting Asst. Atty. Gen., J. Louis Monarch, Maurice P. Wolk, and Carlton C. Fox, Sp. Assts. to Atty. Gen., and Charles H. Carr, U. S. Atty., E. H. Mitchell, and George M. Bryant, Asst. U. S. Attys., and Eugene Harpole, Sp. Atty., Bur. of Int. Revenue, all of Los Angeles, Cal., for appellant.

A. Calder Mackay, Arthur McGregor, Howard W. Reynolds, and Charles J. Higson, all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

DENMAN, Circuit Judge.

The United States appeals from a judgment holding appellees, trustees of Bell View Oil Syndicate, having leases of petroleum carrying and producing lands, are not employees or individuals in the employ of another under Title IX of the Social Security Act, 42 U.S.C.A. § 1101 et seq., hereinafter called the Act. On this holding the district court gave judgment to appellees to recover on a claim of overpayment of federal unemployment taxes for the years 1936, 1937, 1938, and 1939, the amount assessed and collected on the as-

sociation paid by the trustees to each trustee from the trust funds.

The trust instrument created five trustees with self-perpetuating powers, the three appellees being surviving trustees. As in such oil syndicates they hold leases of oil lands which they are empowered to and have drilled and developed in the production of petroleum from deposits in the lands. The beneficial interest in the trust estate is in the holders of certificates issued by the trustees. For the purposes of this appeal, we agree with the trustees that the certificate holders have no power of direction or control of the trustees and are not employers of the trustees. The trust instrument created an association alike to a corporation and the trustees returned and paid an income tax as such an association.

Under the California law multiple trustees must act unanimously in the exercise of their trust powers, unless the trust instrument otherwise provides.[1] In matters other than contracts or conveyances affecting trust property, the instant trust instrument provides that a majority of a quorum must act. That is two of the three surviving trustees.

It is thus seen that where, as here, there are several trustees, the individual trustee has the authority to exercise any trust power only under the direction and control of all the trustees as an entity. He has none of the powers over the trust properties of a joint tenant or owner in common.

Here the individual trustees performed various trust activities in connection with the exploitation of the oil lands, the sale of the petroleum products and the distribution of the proceeds to the certificate holders. There were weekly meetings of the trustees as a unit, but in the interim two of the trustees spent all their working time and a third trustee a part of his time in trust activities leading to the production of petroleum. The compensation received by each was not an equal amount, as is usual for mere participation in trustee meetings, but in one year it was $18,000 to one trustee, $16,200 to another, and $13,200 to the third.

■ Since the Commissioner of Internal Revenue held that each appellee received his compensation as an "employee" within the meaning of the Act, in the trial below the burden of proof was upon appellees to produce facts overcoming the Commissioner's holding.[2] That is to say, that they were not employees within Section 907(c) of the Act, providing "The term 'employment' means any service of whatever nature, performed within the United States by an employee for his employer, except— * * *." and the pertinent portions of Art. 205 of Treasury Regulations 90 thereunder

"Art. 205. Employed individuals.

*   *   *   *   *

Generally the relationship [of employer and employee] exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to *what* shall be done but *how* it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. * * *

"An officer of a corporation is an employee of the corporation, but a director, as such, is not. A director may be an employee of the corporation, however, if he performs services for the corporation other than those required by attendance at and participation in meetings of the board of directors."

The regulations are rational interpretations of the Act and have the force of law. Appellees admit their applicability.

The decision of the Commissioner is that the trustees here are in the position of directors of a corporation. Of such directors Art. 205, supra, provides "A director may be an employee of the corporation, however, if he performs services for the corporation other than those required by attendance at and participation in meetings of the board of directors."

■ It is obvious that the occupation of the individual trustees between the trustee

---

[1] § 2268, Civil Code of California, provides "All must act. Where there are several co-trustees, all must unite in any act to bind the trust property, unless the declaration of trust otherwise provides."

[2] Phillips v. Dime Trust & S. D. Co., 284 U.S. 160, 167, 52 S.Ct. 46, 76 L.Ed. 220; Reinecke v. Spalding, 280 U.S. 227, 233, 50 S.Ct. 96, 74 L.Ed. 385.

meetings well could have been as *individual* trustees acting under the direction and control of all the trustees acting *in the unit capacity* required by the Civil Code of California and the trust instrument. If so acting as individuals, though trustees, they are none the less employees and the tax was properly levied upon their compensation. They have not shown that they were not trustees acting in such an individual capacity. Hence, with the burden of proof upon them, they are not entitled to recover and the judgment in their favor must be reversed.

Appellees rely on United States v. Griswold, 1 Cir., 124 F.2d 599. The opinion in that case does not consider the Treasury Regulations above cited. Nor does it consider the provisions of the California law that trustees must act as a unit and which, in a group of trustees, give no power of direction of the management of the trust estate to an individual trustee. Nor does the opinion discuss the question of the burden of proof where the taxpayer is suing for a refund and seeking to upset ' the findings of the Commissioner. It is a matter of indifference that the latter two questions, which were not considered in that court's opinion, may be said to "lurk" in its decision. Webster v. Fall, 266 U.S. 507, 511, 45 S.Ct. 148, 69 L.Ed. 411; KVOS v. Associated Press, 299 U.S. 269, 279, 57 S.Ct. 197, 81 LEd. 183.

The judgment is reversed.