CRESENCE E. CLARKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55486.   Filed February 26, 1957.

*G. K. Richardson, Esq.*, for the petitioner.
*Frank V. Moran, Jr., Esq.*, for the respondent.

### OPINION.

RICE, *Judge:* This proceeding involves a deficiency in self-employment tax for the year 1951 in the amount of $67.50.

The sole issue is whether the amount of $3,000 which petitioner received for services rendered as a trustee constituted "net earnings from self-employment" within the meaning of section 481 (a) [1] of the 1939 Code.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

During the year in issue, petitioner was a resident of Cambridge, Massachusetts, and filed her Federal income tax return for such year with the former collector of internal revenue for the district of Massachusetts.

During 1951, petitioner was one of four trustees of the Brattle Craigie Trust, a Massachusetts real estate trust created by instrument dated March 5, 1913. Under the terms of the trust, as amended, the trustees held title to trust property and had exclusive and absolute management of such property at all times. They had the power to improve and develop the property, to repair and rebuild, to lease, to acquire additional land, and to sell the original trust property. They also had the power to mortgage the property and to borrow money for temporary purposes. The trust instrument provided for both

---

[1] SEC. 481. DEFINITIONS.

For the purposes of this subchapter—

(a) NET EARNINGS FROM SELF-EMPLOYMENT.—The term "net earnings from self-employment" means the gross income derived by an individual from any trade or business carried on by such individual, less the deductions allowed by this chapter which are attributable to such trade or business, plus his distributive share (whether or not distributed) of the ordinary net income or loss, as computed under section 183, from any trade or business carried on by a partnership of which he is a member ; * * *

　*　　　*　　　*　　　*　　　*　　　*　　　*

(c) TRADE OR BUSINESS.—The term "trade or business", when used with reference to self-employment income or net earnings from self-employment, shall have the same meaning as when used in section 23, * * *

common and preferred shareholders. The trustees had no power to bind the shareholders personally. The fees received by petitioner were in consideration of such activities performed by her as trustee.

The property held by the trustees during the year in issue consisted of a warehouse, store property, and three apartment buildings in Cambridge, Massachusetts.

For her services as a trustee during 1951, petitioner received the sum of $3,000 which she reported on Schedule G of her income tax return as "Income From Estates and Trusts and Other Sources." The respondent determined that such sum constituted earnings from self-employment within the meaning of section 481 of the 1939 Code, and accordingly determined the deficiency in self-employment tax here in issue.

Petitioner was in the trade or business of being a trustee.

While the self-employment tax provided in sections 480–482 of the 1939 Code is collected along with the income tax, and is a tax over which this Court has jurisdiction, *Joseph M. Philbin*, 26 T. C. 1159 (1956), it is not a part of the income tax itself but a part of the revenue raised to finance the benefits provided by the Social Security Act of 1935, 49 Stat. 620, as amended.

Section 480 of the 1939 Code provides that an individual must pay a designated rate of tax upon self-employment income. Section 481 defines the term "net earnings from self-employment" as being the gross income derived by an individual from any trade or business in which he is engaged, and further provides that the term "trade or business" shall have the same meaning as in section 23. The section specifically excludes from the tax the net earnings derived from certain occupations, not here material.

The respondent determined, and argues on brief, that the $3,000 which petitioner received from the trust constituted earnings from self-employment because petitioner was in the trade or business of being a trustee, citing *Valentine E. Macy, Jr.*, 19 T. C. 409 (1952), affd. 215 F. 2d 875 (C. A. 2, 1954) ; and *John Preston Rice*, 44 B. T. A. 749 (1941).

The petitioner, on the other hand, argues that she was neither self-employed nor an employee. We agree with petitioner that under the facts here she was not an "employee" within the meaning of the Social Security Act. *United States* v. *Griswold*, 124 F. 2d 599 (C. A. 1, 1941) ; *Loring* v. *United States*, 80 F. Supp. 781 (D. Mass., 1948). But cf. *United States* v. *Dunbar*, 154 F. 2d 889 (C. A. 9, 1946).

Whether petitioner was self-employed depends, as respondent has argued, on whether or not she was engaged in the trade or business of being a trustee. He determined that she was. We agree with that determination.

What activities amount to carrying on business requires an examination of the facts in each case. *United States* v. *Pyne*, 313 U. S. 127 (1941). The activities which the petitioner here was authorized to perform under the terms of the trust indenture were substantial. The parties stipulated that the fees which she received were in consideration of her performance of such activities during the year in issue. She made no showing that only a negligible amount of her time was spent in the performance of her duties as trustee, and coupled with the respondent's determination, we can only conclude that the nature of her duties and the extent of her activities pursuant thereto placed her in the business of being a trustee; and that the fees which she received constituted earnings from self-employment within the meaning of the statute.

In *John Preston Rice, supra*, the executor of a single estate required assistance in the performance of his duties. He claimed a deduction for attorneys' fees and clerical salaries as ordinary and necessary business expenses. We permitted him to take such deductions on the ground that he was engaged in the trade or business of being an executor. We see no distinction in that case and the one before us here. If the activities of the administrator of a single estate can constitute a trade or business, so can those of a trustee of one trust.

The respondent's determination is accordingly sustained.

*Decision will be entered for the respondent.*