PAUL J. O'CONNELL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Connell v. Commissioner
Docket No. 3936-72
United States Tax Court
T.C. Memo 1974-128; 1974 Tax Ct. Memo LEXIS 194; 33 T.C.M. (CCH) 590; T.C.M. (RIA) 74128; May 14, 1974, Filed. Paul J. O'Connell, pro se. Donald W. Mosser, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a $165.01 deficiency in petitioner's 1969 Federal income tax return. The issues we must decide are (1) whether petitioner is entitled to deduct a part of the cost of his apartment as an office-in-home expense, and if so, how much, and (2) whether petitioner is subject to self-employment tax. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner was a resident of Cincinnati, Ohio when he filed his petition herein. He filed his 1969 Federal income tax return with the district director of internal revenue at Cincinnati. 1. Office-In-Home Expense. Petitioner was an officer and employee of NATMAR, Inc., from 1966 to April 19, 1969. NATMAR is a corporation doing business in Cincinnati *196 which manufactures and sells marking machines, inks, conveyors and supplies for the commercial laundry and dry cleaning industry. Petitioner was furnished an office at the offices of NATMAR. Petitioner had a key to NATMAR's offices and thus had access to his office there 24 hours a day, seven day a week. Petitioner often worked at his NATMAR office after regular business hours. During 1969 petitioner rented and occupied a three room apartment. The apartment contained a large desk and conference table, an electronic calculator, ten file cabinets and a mimeograph machine which petitioner used to make forms for NATMAR at his own expense. Petitioner was not required by NATMAR to maintain an office in his home nor to work at home on NATMAR's business. However, to accomplish his many duties, petitioner often did work at home. Sometimes he worked entirely at home, even during NATMAR's normal working hours, while at other times he worked at home on evenings, holidays and weekends. On his 1969 tax return, petitioner claimed a $703.95 miscellaneous itemized deduction for "Office Expense for NATMAR, Inc." Respondent disallowed this deduction on the ground that petitioner was not *197 entitled to "a deduction for the cost of an office in your home." 2. Self-Employment Tax. Petitioner was a self-employed tax consultant during 1969 as well as an employee of NATMAR from January 1 to April 19, 1969. On his 1969 tax return he listed his occupations as "Controller and Tax Consultant" and that he was "self-employed." In a statement attached to his return he showed the following net profit from his business as a tax consultant: PAUL J. O'CONNELL, TAX CONSULTANT
Profit & Loss Statement - 1969 Income
$2,520.00
Less Expenses:
Office Expense
1,528.34
Transportation Expense
149.25
Miscellaneous Expense
27.70
1,705.29
Net Profit (Loss)
$814.71
Petitioner's only client was his brother. Petitioner did not report any self-employment tax on his 1969 return. Respondent determined that petitioner, having reported net earnings from self-employment in excess of $400, was subject to the self-employment tax. Petitioner herein is the same taxpayer as in Paul J. O'Connell, T.C. Memo. 1972-171, which involved his income tax for the years 1966 through 1968. OPINION 1. Office-In-House Expense. Petitioner contends *198 that he is entitled to deduct a part of the cost of his apartment as an ordinary and necessary business expense under section 162(a) [1] because he maintains an office in his home for NATMAR. Respondent asserts that such expenses are personal and nondeductible under section 262. We hold that, regardless of whether or not petitioner's expenses incurred in maintaining an office in his home for NATMAR (where he was employed from January 1 to April 19, 1969) constitute ordinary and necessary business expenses under section 162, petitioner has failed to prove the amount of those expenses. The record does not indicate the portion of the apartment petitioner used for his home office, the total expenses petitioner incurred in operating the apartment, the portion of such expenses attributable to petitioner's home office, or the actual hours petitioner spent working in his home office. Petitioner claimed that the examining agent was arbitrary in disallowing his office-in-home expenses because the agent, according to petitioner, did not ask him to substantiate the deduction. *199 Petitioner refused to show respondent's counsel any substantiation for his claimed office expense before trial, and refused to introduce any substantiation evidence at the trial, on the grounds it was not an issue in the case. The respondent clearly raised the issue in writing in its pre-trial memorandum and orally at the beginning of the trial. Petitioner was in no way surprised by respondent's position that substantiation was in issue. Petitioner, on whom the burden of proof rests (Rule 142(a) of the Tax Court Rules of Practice and Procedure), has failed to meet his burden or provide any evidence from which the Court could make even an intelligent estimate of the amount of his office expenses. Petitioner, however, asks us to rely upon the "office expenses" evidence he introduced in this Court in his earlier case, Paul J. O'Connell, T.C. Memo. 1972-171. That case, however, covered three earlier years and contained no evidence concerning 1969. Moreover, in that case the Court also denied the deduction for office-in-home expenses because petitioner failed to meet his burden of proof. Respondent has not erred in disallowing the claimed deduction for office expenses.
*200 2. Self-Employment Tax. Respondent contends that petitioner is subject to self-employment tax on his net earnings of $815 from tax consulting. Petitioner concedes he was self-employed as a tax consultant in 1969 and that he had net earnings from such business in excess of $400, but argues, nonetheless, that he is not required to pay the self-employment tax because his only client was his brother. We agree with respondent. Section 1401 imposes an "income tax" on the self-employment income of an individual. Section 1402(b) defines "self-employment income" as the net earnings from self-employment derived by an individual if such net earnings exceed $400. Section 1402(a) defines "net earnings from self-employment" generally as gross income derived by an individual from his trade or business less allowable deductions attributable to such trade or business. The term "trade or business" when used in reference to self-employment income or net earnings from self-employment generally has the same meanings as used in section 162. Section 1402(c). Clearly, petitioner is subject to the self-employment tax. He derived $814.71 net income from his tax consulting business. Petitioner's *201 return stated that he was in business and neither petitioner nor respondent dispute that fact. A multiplicity of clients is not a requirement for being in business for tax purposes. Cresence E. Clarke, 27 T.C. 861 (1957). That petitioner earned his business income from his brother rather than from someone else is irrelevant. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the year in issue. ↩