**C.D. ULRICH, LTD., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 5–87–293.

United States District Court,
D. Minnesota,
Fifth Division.

April 4, 1988.

Neil J. Shapiro, Bernick & Stern, St. Louis Park, Minn., for plaintiff.

Peter J. Taylor, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington D.C., Jerome Arnold, U.S. Atty., Mary E. Carlson, Asst. U.S. Atty., for defendant.

### ORDER

RENNER, District Judge.

Before the Court is the motion of plaintiff C.D. Ulrich, Ltd. ("Ulrich, Ltd.") for a preliminary injunction enjoining the defendant United States from collecting employment taxes. Representing Ulrich, Ltd. is Neal Shapiro, Esq. Representing the United States are Peter Taylor, Esq. and Mary Carlson, Esq.

Ulrich, Ltd. is a public accounting firm organized as a small business corporation as permitted under subchapter S of the Internal Revenue Code, 26 U.S.C. 1371 et seq. Charles Ulrich is the sole shareholder, director and officer of the corporation. Charles Ulrich is a certified public accountant and performed services for the corporation. He decided what services would be performed, when they were to be performed and what to charge. Charles Ulrich had no supervisors and set his own work hours. In addition, the corporation had two employees.

In 1974, Charles Ulrich decided that he would not be treated as an employee for purposes of the statutes governing employment taxes.

In 1978, the Internal Revenue Service ("I.R.S.") requested a copy of the corporation's 1977 K–1 form.[1] The form shows that Charles Ulrich devoted all of his time to the business, that he received $32,619.60 as a distribution and that he received no amount designated as salary.

In 1979, Charles Ulrich's 1977 tax return was audited by the I.R.S. The return shows that almost all of his income was attributed to dividends from Ulrich, Ltd. The audit resulted in no adjustment of Charles Ulrich's tax liability.

The I.R.S. assessed the corporation for unpaid employment taxes on amounts paid to Charles Ulrich from 1980 to 1983. The total amount assessed, including penalties and interest, was $30,541.67. Approximately $24,845 of this amount remains unpaid.

The I.R.S. notified Ulrich, Ltd. that it would begin forced collection proceedings on or after December 18, 1987. Ulrich, Ltd. has filed claims for refunds of the assessments paid. It has also commenced a refund suit and, by this motion, seeks to avoid collection activity.

Charles Ulrich contends that the corporation has annual projected revenues of $65,000–80,000. He contends that the corporation lacks sufficient assets or earnings to pay the assessment in the coming year and that the corporation will be forced out of business if the I.R.S. levies on its accounts. Specifically, he alleges that many of the corporation's clients will abandon the firm if the I.R.S. levies on the fees owed.

Ulrich, Ltd. argues that the employment taxes at issue were invalidly assessed, and that collection of this amount should be enjoined. A taxpayer who wishes to challenge the validity of a tax collection in district court must pay the tax and then claim a refund. If the refund is denied, the taxpayer may sue in district court. 26 U.S.C. § 7422(a). The anti-injunction act, 26 U.S.C. § 7421(a) bars injunctions to restrain the collection of taxes. A judicially-created exception to the anti-injunction statute is available where the taxpayer has no adequate legal remedy and will suffer irreparable harm; and where the taxpayer is certain to succeed on the merits. *Enochs v. Williams Packing*, 370 U.S. 1, 6, 82 S.Ct. 1125, 1128–29, 8 L.Ed.2d 292 (1962).

A taxpayer is entitled to injunctive relief pending suit only if it is "clear that under no circumstances" could the Government ultimately prevail. This test is met only if it is clear that the United States cannot establish its claim "under the most liberal view of the law and the facts." *Bob Jones University v. Simon*, 416 U.S. 725, 737, 94 S.Ct. 2038, 2046, 40 L.Ed.2d 496 (1973) (quoting *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962). In this case, the taxpayer contends that Charles Ulrich was not an "employee" under the statutes governing employment taxes. For purposes of these statutes, "employee" is defined to include "any officer of a corporation." 26 U.S.C. § 3121(d)(1) (definition applicable to Federal Insurance Contribution Act (FICA), 26 U.S.C. §§ 3101 et seq.); 26 U.S.C. § 3301 (makes definitions under FICA applicable to Federal Unemployment Tax Act (FUTA), 26 U.S.C. §§ 3301 et seq.). The definition of employee also includes "any individual who, under the usual common law rules applicable in determining the employer-employee relationship has the status of an employee." 26 U.S.C. § 3121(d)(2). By their terms, the statutes define all corporate officers as employees. The statutes have been interpreted, however, to exempt certain corporate officers. Thus, the applicable treasury regulations provide:

> Generally, an officer of a corporation is an employee of the corporation. However, an officer of a corporation who as such does not perform any services or performs only minor services and who neither receives nor is entitled to receive,

---

1. Form K–1 is to be appended to Form 1120S, the income tax return for subchapter S corpora-

tions. It indicates the shareholder's share of undistributed income.

directly or indirectly, any remuneration is considered not to be an employee of the corporation.

Treasury Regulations § 31.3121(d)–1(b) (applicable to FICA) and § 31.3306(i)–1(e) (applicable to FUTA).

Consistent with these regulations, the caselaw indicates that corporate officers are not employees per se. The leading case, *Texas Carbonate v. Phinney*, 307 F.2d 289 (5th Cir.1962) indicates that, "Only such officers as work for [the corporation] in fact are to be so included [as employees] and in determining whether an officer is an employee, the usual employer-employee tests are to be applied." The court's reference to officers who "work for [the corporation] in fact" is consistent with the language of the treasury regulations which provide that officers performing more than minor services are deemed employees. One jurisdiction has focussed on whether the officer meets the common law tests for an employee. *Deecy Products v. Welch*, 124 F.2d 592 (1st Cir.1941); *United States v. Griswold*, 124 F.2d 599 (1st Cir. 1941). These cases have hinged on the degree of control exercised by the corporation over the manner in which the officer performs services. This factor is not, however, easily applied to officers, who generally do not occupy subordinate positions within the corporation.[2] The accepted view in other jurisdictions, however, distinguishes between officers based on the level of services provided. This approach distinguishes between officers providing only nominal services who are not deemed employees and officers providing substantive services who are deemed employees. Thus, in *Texas Carbonate*, an individual who was a shareholder and director of a corporation and who had performed substantial services in an executive capacity was held to be an employee.[3] *See also Automated Typesetting, Inc. v. United States*, 527 F.Supp. 515 (E.D.Wis.1981) (officers who provided more than minor services were employees). Conversely, officers who provided only minor services have been held not to be employees. *United States v. Bernstein*, 179 F.2d 105 (4th Cir.1949). Under both the weight of the caselaw and under the treasury regulations, a corporate officer is to be treated as an employee if he renders more than minor services.[4]

Under the statute and regulations discussed above, Ulrich, Ltd. can not establish that it is certain to succeed on the merits. Ulrich, Ltd. relies, however, on an additional enactment: § 530 of the Revenue Act of 1978 as amended.[5] That law was enacted "to provide interim relief for taxpayers who are involved in employment tax status controversies … and who potentially face large assessments as a result of the Ser-

2. The degree of control exercised by the employer is key in distinguishing between independent contractors and employees for purposes of determining the employer's liability in tort to third persons. The First Circuit has adopted this test in determining whether a corporate officer is an employee. Thus, it has been held that a statutory clerk who devoted 35 minutes to corporate business during the year at issue was an employee because he was subject to control by the board of directors. *Deecy Products v. Welch*, 124 F.2d 592 (1st Cir.1941). See also *United States v. Griswold*, 124 F.2d 599 (1st Cir.1941) (trustees of Massachusetts business trust not employees for tax purposes, because not subject to control). Under the rule formulated by the First Circuit, a corporate officer would always be an employee unless he were also the sole director of the corporation. It is not clear why liability for employment taxes should hinge on the number and identity of the directors.

3. The court expressly held that the officer was an employee even if he was not subject to control by the board of directors. Thus, the *Texas Carbonate* court rejected the degree of control test.

4. Several revenue rulings are also consistent with this view. Rev. Ruling 83–83, 1982–1 C.B. 151 (corporation whose officers perform corporate duties and who receive "draws" rather than salary is not entitled to relief under ] 530); Rev. Ruling 73–361, 1973–2 C.B. 331 (officer who performs substantial services and who receives salary is an employee for employment tax purposes); Rev. Ruling 71–86, 1971–1 C.B. 285 (officer of closely held corporation is employee for employment tax purposes notwithstanding that he sets his own salary and prescribes his own duties).

5. The law was amended several times to extend its applicability to the time period in question here. P.L. 96–178, P.L. 96–541, P.L. 97–248, P.L. 99–514.

vice's proposed reclassifications of workers, until the Congress has adequate time to resolve the many complex issues involved in this area." H.R.Rep. No. 95–1748, 95th Congr., 2d Sess., (1978) at 4.[6] Section 530 relieves eligible taxpayers of liability for employment taxes for the applicable periods. Under § 530, an employer is entitled to relief if it had any reasonable basis for not treating workers as employees. In addition, that section establishes several alternative statutory standards, which, constitute "safe havens" and which, if met, qualify the taxpayer for termination of employment tax liability. Thus, the taxpayer is entitled to relief if he can establish eligibility under one of three safe havens:

* by showing reasonable reliance on a past I.R.S. audit of the taxpayer which resulted in no assessment; or

* by showing reasonable reliance on certain kinds of precedent (judicial precedent, published rulings, technical advice with respect to the taxpayer, or a letter ruling to the taxpayer.)

* by showing a longstanding recognized practice of a segment of the applicable industry.

Ulrich, Ltd. invokes two of the safe havens provided by § 530. First, Ulrich, Ltd. claims that it reasonably relied on the prior audit of Charles Ulrich, after which no additional assessments were imposed. This audit did not, however, bring the taxpayer within the safe haven provided by § 530, since the audit concerned the tax return of Charles Ulrich and not that of the taxpayer in this case, Ulrich, Ltd., as required by § 530.

Ulrich, Ltd. also argues that the second safe haven provided by § 530 applies. That is, Ulrich, Ltd. argues that it reasonably relied on two cases: *Bendix v. Bendix Co.*, 14 N.W.2d 464 (Minn.1944) (corporate officer who ran business not an employee for workers compensation purposes) and *Ludeking v. Finch*, 421 F.2d 499 (8th Cir.

1970) (social security benefits denied to corporate officer who performed services for subchapter S corporation; opinion indicated that I.R.S. had notified claimant that he was not subject to social security taxes on subchapter S dividends).

The *Bendix* case does not provide a basis for reasonable reliance by the taxpayer. That case held that an officer who ran the corporation was not an employee for purposes of the workers compensation statute. The *Bendix* opinion hinged on the court's view that the officer completely controlled the corporation so that "[n]one of the ordinary incidents of the employer-employee relationship existed." To the extent that the *Bendix* case relies on the common law test focussing on the degree of control by the employer, that case is not applicable to a determination of liability for employment taxes, which is governed by the statutes and regulations discussed above. Thus, it is not clear to a certainty that the taxpayer was entitled to avail itself of protection under the safe haven provided under § 530 for reliance on precedent.

Nor does the *Ludeking* case provide a basis for reliance under the "precedent" safe harbor. The issue in *Ludeking* was whether subchapter S dividends constituted wages for purposes of determining eligibility for social security benefits.[7] Claimant Ludeking argued that deducting such subchapter S dividends would be inconsistent with the government's treatment of these dividends for employment tax purposes. Ludeking pointed to a letter ruling issued by the Internal Revenue Service through its district director, notifying Ludeking that he was not subject to social security taxes on the subchapter S dividends. The *Ludeking* court held that the dividends did constitute wages for purposes of the statute governing entitlement to social security benefits. The court expressly declined to decide whether subchapter S dividends constitute wages under the taxing provision of

---

**6.** The legislative history suggests that § 530 was enacted because of uncertainty concerning the classification of workers as either employees or independent contractors. H.R.Rep. No. 95–1748, 95th Congr., 2d. Sess., (1978); S.Rep. No. 95–1263, 95th Congr., 2d Sess., (1978), U.S.Code Cong. & Admin.News 1978, p. 6761.

**7.** Under the applicable statute, the amount of earnings exceeding a certain threshold was to be deducted from social security benefits otherwise due. 42 U.S.C. § 403.

the social security act. Thus, the *Ludeking* decision itself does not address the issue before the Court, and so does not constitute precedent within the safe harbor provided by § 530. Nor does the letter ruling discussed in the *Ludeking* decision constitute such precedent. The ruling was issued to Ludeking, and not to Ulrich, Ltd. so that it was not, therefore, a "letter ruling to the taxpayer" as required by § 530.

Accordingly, Ulrich, Ltd. can not rely on the safe havens provided by § 530. It is nevertheless entitled to protection under § 530 unless there was no reasonable basis for the corporation's treatment of Ulrich as a nonemployee. In this case, the government's position is supported by the plain language of the statute, the applicable treasury regulations, three published revenue rulings and cases interpreting the applicable statutes. Ulrich, in turn, relies on dicta, on two cases from another jurisdiction indicating that the common law tests apply, and on a letter ruling issued more than 15 years ago to another taxpayer. Ulrich's position is inconsistent with the weight of authority. The taxpayer should not be able to establish that its position was not unreasonable by relying on isolated authority inconsistent with a plain reading of the statute and regulations and inconsistent with the weight of the caselaw. It is not clear to a certainty that the position of Ulrich, Ltd. was not unreasonable. It is questionable whether Ulrich, Ltd. will succeed on the merits. It is not, therefore, entitled to a preliminary injunction.

Because the court's treatment of the "certainty of success" requirement resolves this matter, the court need not address the second element for issuance of a preliminary injunction: whether the taxpayer will suffer irreparable harm.

Accordingly, based on the foregoing; the entire file, and the arguments of counsel, IT IS HEREBY ORDERED that plaintiff's motion for a preliminary injunction is denied.