**MOYD et al. v. ATLANTIC GREYHOUND CORPORATION.**

**GAFFNEY et al. v. ATLANTIC GREYHOUND CORPORATION.**

**Nos. 5804, 5805.**

United States Court of Appeals
Fourth Circuit.

Oct. 27, 1948.

Zach McGhee and Isadore S. Bernstein, both of Columbia, S. C., for appellants.

N. A. Turner, of Columbia, S. C. (Edward A. Harter, Jr., of Columbia, S. C., on the brief), for appellee.

William S. Tyson, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., William A. Lowe, of Chicago, Ill., and Sidney S. Berman, of Washington, D. C., and Beverley R. Worrell, Regional Atty., United States Dept. of Labor, of Birmingham, Ala. for Administrator of Wage & Hour Division, United States Dept. of Labor, amicus curiae.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

These are appeals in cases instituted under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., for the recovery of wages and overtime compensation. Plaintiffs are shoe shine boys who shined shoes in the men's rest room of the bus terminal of the defendant Atlantic Greyhound Corporation, at Columbia, S. C. The defendant was admittedly engaged in the operation of passenger buses in interstate commerce and maintained this terminal in connection with its business. The plaintiffs were paid no wages but were allowed to retain all amounts received by them for shining shoes. They performed no services

for defendant except that they were required to keep clean the rest room in which they operated. They worked in three daily shifts of eight hours each. Their earnings from shining shoes and tips amounted on the average to from $8.00 to $10.00 per day each, according to the findings of the special referee appointed by the trial judge, and were far in excess of the minimum wages prescribed by the Fair Labor Standards Act, with time and a half allowed for overtime.

There is grave doubt as to whether plaintiffs can properly be said to have been engaged in commerce (See McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538) or to have been employees of defendant (See Magruder v. Yellow Cab Co., 4 Cir., 141 F.2d 324) within the meaning of the Act. We need not go into these questions, however, since it is clear that recovery was properly denied on the ground that the amounts received by plaintiffs for shoe shining and tips was far in excess of any sums to which they would have been entitled as wages and overtime compensation under the Act. Plaintiffs deny that the tips received by them should be considered as wages within its meaning, but the point is definitely ruled by our decision in Southern Railway v. Black, 4 Cir., 127 F.2d 280.

Contention is made that plaintiffs are at least entitled to overtime compensation on the theory that their wage rate should be computed on the basis of tips received and that overtime compensation should be allowed on this basis as their regular wage rate. It is settled, of course, that overtime compensation should be allowed on wages actually received, even though such wages are in excess of the minimum wage prescribed by the Act with time and a half for overtime on the minimum. Bay Ridge Operating Company v. Aaron, 334 U.S. 446, 68 S.Ct. 1186; Overnight Motor Co. v. Missel, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682. In this case, however, there was no regular rate of pay, and the right to recover wages and overtime compensation must be determined under the minimum wage provisions of the Act, as was done in Southern Railway v. Black, supra. Defendant may "credit

against the obligation to pay statutory excess compensation the amount already paid to each respondent which is allocable to work in those excess hours." Bay Ridge Operating Co. v. Aaron, supra [334 U.S. 446, 68 S.Ct. 1202]. When that is done in this case, no right of recovery remains. There is nothing in law or in common sense which requires that the compensation from shoe shining and tips received from the entire period of service be treated as normal wages so as to provide a basis for recovering overtime compensation for the hours worked in excess of the maximum work week.

Affirmed.